UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No.  14 CR 551 |
| vs. | Judge Harry D. Leinenweber |
| MICHAEL COSCIA | |

**GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE***

The UNITED STATES OF AMERICA, by and through its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, hereby respectfully moves this Court, *in limine*, for entry of an order excluding and admitting certain evidence and argument at trial in the above referenced case.

I.   **THE COURT SHOULD BAR EVIDENCE OR ARGUMENT RELATING TO THE PURPORTED VAGUENESS OF THE SPOOFING LAW.**

In an earlier submission, defendant argued that one of the statutes with which he is charged is "hopelessly vague" and that both statutes with which he is charged are so vague that they do not pass constitutional muster.  Doc. 28 at 8-9.  This Court rejected that argument, finding that neither statute was impermissibly vague as applied to the defendant.  Doc. 36 at 12, 16-17.

While defendant was entitled to raise these legal issues prior to trial, arguments that the statute is vague have no place in a jury trial.  It is axiomatic that the role of the jury is to resolve issues of fact, not to determine anything about the state of the law.  "It is the basic premise of our legal system that juries are the triers of fact only; it is for the judge, not the jury, to interpret the law." *United States v. Sanchez*, 604 F.3d 356, 360 (7th Cir. 2010) (quoting *United States v. White*, 472 F.3d 458, 463 (7th Cir. 2006)).  Questions of law are for the judge, not the jury.

1

*United States v. Urfer*, 287 F.3d 663, 665 (7th Cir. 2002) (citing *Gramercy Mills, Inc. v. Wolens*, 63 F.3d 569, 571 (7th Cir. 1995)).

Argument regarding the scope or the meaning of either statute, or testimony regarding others' understanding of the statutes, would present impermissible questions to the jury regarding the meaning of the statutes. The only role of the jury is to determine whether the defendant violated the law as defined by this Court. It is not the role of the jury to determine whether the statutes are vague or what terms within the statute mean—that is for the Court to decide.

## II.   THE COURT SHOULD BAR ANY EVIDENCE OR ARGUMENT REGARDING DEFENDANT'S IGNORANCE OF THE LAW.

Defendant should not be permitted to argue to the jury or present evidence that he was unaware of either statute when he engaged in the conduct that is the subject of the indictment. "The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system." *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S. Ct. 1920, 1930 (2015) (quoting *Cheek v. United States*, 498 U.S. 192, 199 (1991)); *accord United States v. Dean*, 705 F.3d 745 (7th Cir. 2013); *United States v. Wilson*, 159 F.3d 280, 288 (7th Cir. 1998); *United States v. Kilgore*, 591 F.3d 890, 894 (7th Cir. 2010) ("it is hornbook law that ignorance of the law is generally no defense").

Neither statute with which defendant is charged requires the government to prove that defendant was aware of the statutes that he violated or that his conduct was willful. To prove that the defendant committed commodities fraud, the government must prove that the defendant had the intent to defraud. 18 U.S.C. § 1348. As this Court noted in its ruling on defendant's motion to dismiss, to prove that defendant violated the anti-spoofing statute, the government must prove that the defendant entered a bid or offer "with the intent to cancel the bid or offer

2

before execution," and that the defendant did so "knowingly." 7 U.S.C. §§ 6c(a)(5)(C), 13(a)(2); s*ee also* Doc. 36 at 11.

The requirement that the government prove that the defendant "knowingly" entered the bids and offers with the intent to cancel them before execution does not require proof that defendant was aware of the statute at the time of the trades or that he violated the statute willfully. *See* Seventh Circuit Pattern Jury Instruction 4.10 (defining "knowingly"); *United States v. Wilson*, 159 F.3d 280, 289 (7th Cir. 1998) (holding that a "knowing" violation only requires proof of knowledge by the defendant of the facts that constitute the offense, not knowledge of the law).

Accordingly, evidence about defendant's purported ignorance of the statutes in question is irrelevant under FRE 401, and admission of evidence regarding defendant's ignorance of the statutes—or the ignorance of others—would be unfairly prejudicial and would confuse the issues, which would warrant exclusion pursuant to FRE 403. Moreover, defendant should not be permitted to present any evidence or make any argument regarding the fact that the statutes he was charged with violating were enacted somewhat recently. There is no dispute that the statutes were in effect when defendant's alleged conduct took place. What is relevant is whether the defendant violated the statutes in question—not the date on which they were enacted. Defendant has previously argued to this Court that this prosecution represents "after-the-fact criminality on an unsuspecting defendant" and that one of the statutes was "obscure." Doc. 28 at 9. Defendant should not be permitted to make similar arguments to the jury, because they would serve as a backdoor method of arguing the defendant's ignorance of the law, which is irrelevant and not a defense.

### III. THE COURT SHOULD BAR ANY EVIDENCE OF CFTC, FCA, CME GROUP, OR ICE RULES OR REGULATIONS.

Defendant has informed the government that it may call an expert witness to testify regarding "[t]he anti-spoofing provision, including industry understanding of 'spoofing' in 2011, reaction to and understanding of the statute and the regulatory process following its enactment." Defendant has also produced a preliminary exhibit list to the government, which indicates that defendant intends to introduce the rulebooks for the Chicago Mercantile Exchange, Chicago Board of Trade, and New York Mercantile Exchange. This and other evidence regarding the rules of particular financial markets or the regulatory process of the Commodity Futures Trading Commission and the Financial Conduct Authority should be excluded because it is irrelevant, confuses the issues, and presents questions of law that are not for the jury to decide.

The question for the jury to decide in this case is whether the defendant violated the criminal statutes with which he has been charged. This Court will instruct the jury regarding the meaning of the statutes in question and what the government must prove. The introduction of testimony and evidence regarding the CFTC's regulations, guidance, and rulemaking process is not relevant because—as discussed above—this Court, not the CFTC, will define the law for the jury. The guidance that the industry received from the CFTC is irrelevant because defendant's (or others') knowledge of the law is irrelevant.

In his motion to dismiss the indictment, defendant argued that the CFTC's rulemaking process "made clear that 'spoofing' had no accepted meaning in the futures and derivatives markets." Doc. 28 at 7. Accordingly, defendant argued, "the status of Mr. Coscia's alleged conduct was an open question from the outset." *Id.* at 24. This Court rejected those arguments, noting that the statute *defines* the term "spoofing" as "bidding or offering with the intent to cancel the bid or offer before execution." Doc 36 at 11-12.

Defendant should not be permitted to relitigate this *legal* debate in a jury trial because this Court will determine the law and instruct the jury accordingly. A mini-trial in which both parties call experts and offer evidence regarding what the CFTC, CME Group, or the industry thought about the anti-spoofing provision would be irrelevant, confuse the issues, and be a waste of time. "Jury instructions are the means that the court uses to inform the jury of the law that is relevant to the case. Although there are some circumstances when reading the law, either statute or case law, might be properly permitted by the court, there are few instances where a party is entitled to read law to the jury." *White*, 472 F.3d at 463. "[A] party is not entitled to read portions of the law that the trial court has already determined to be irrelevant to the facts of the case at hand." *Id.*

The industry's understanding of the anti-spoofing statute and the CFTC's regulatory process are not relevant to this trial. Even if the CFTC's regulations were somehow relevant, the meaning of regulations is an issue of law that the Court should determine, rather than leaving to the jury. *See United States v. Hagerman*, 555 F.3d 553, 556 (7th Cir. 2009). Moreover, the use of an expert to discuss his understanding of the CFTC's regulations or rulemaking process—or, for that matter, the rules of the CME, CBOT, or NYMEX—is improper. "Experts cannot testify about legal issues on which the judge will instruct the jury." *United States v. Burge*, 711 F.3d 803, 813 n.5 (7th Cir. 2013) (quoting *United States v. Sinclair*, 74 F.3d 753, 758 n. 1 (7th Cir. 1998) (internal citation and quotation omitted).

To be clear, the government does not intend to offer evidence that the CFTC investigated the defendant for violating the anti-spoofing provision or that the CFTC banned defendant from trading for a year and ordered him to pay $2.8 million. The government also does not intend to offer evidence or testimony regarding CME Group's findings that defendant violated CME Rule

432 and 576 or CME Group's order barring defendant from trading on its exchanges for six months. Defendant should not be permitted to mislead the jury by introducing evidence or testimony to suggest that his conduct was lawful or permitted by CFTC or CME Group, nor should he be permitted to argue—as he did in his motion to dismiss—that the fact that CME Group did not create a specific anti-spoofing rule until 2014 excuses his conduct.[1] This Court will define the law and the sole issue at trial is whether the defendant committed a crime, not whether his actions violated a CFTC regulation or a CME Group rule.

To the extent that defendant is concerned that the government will argue or present evidence that his activity did not constitute actual spoofing but was merely "of the character of" spoofing or was activity that was "commonly known to the trade" as spoofing, the government has filed a notice of intent to narrow proof. That notice indicates that for Counts Seven through Twelve of the indictment, the government intends to prove that defendant's trades *are* spoofing, as defined by the statute—"bidding or offering with the intent to cancel the bid or offer before execution." 7 U.S.C. § 6c(a)(5)(C). Accordingly, any argument or evidence regarding what "the industry" knew spoofing to be is irrelevant and should be excluded. A debate among experts and lay witnesses regarding what the industry thinks of the anti-spoofing provision would be irrelevant and a sideshow that confuses the issues and wastes time.

## IV. THE COURT SHOULD BAR ANY ARGUMENT THAT PROOF OF A FALSE STATEMENT IS REQUIRED TO SECURE A CONVICTION FOR COMMODITIES FRAUD.

Defendant has previously argued that the commodities fraud charges against him should be dismissed because the government did not allege that defendant made a false statement. Doc.

---

[1] Defendant was also investigated and punished by the Financial Conduct Authority—a regulatory body in the United Kingdom—and by the Intercontinental Exchange for his activity on ICE Futures Europe markets. The government does not intend to introduce evidence or testimony regarding the findings made by the FCA and ICE or the punishments imposed.

28 at 28-32.  This Court rejected defendant's interpretation of the commodities fraud statute. Doc. 36 at 15-16.  In the notice of intent to offer proof filed today, the government indicated that it will only seek to prove a violation of 18 U.S.C. § 1348(1) as to Counts One through Six.

The instructions to the jury regarding § 1348 will be determined by this Court, and defendant should not be permitted to argue that the statute requires proof of a false statement if this court determines otherwise.  "*What* the government must prove is a question of law for the court; *whether* the government has adequately proved what it needs to is a question of fact for the jury."  *Sanchez*, 604 F.3d at 360 (emphasis in original).  Accordingly, defendant should be barred from making an argument regarding the government's burden of proof that is inconsistent with this Court's instructions to the jury.

## V.    THE COURT SHOULD BAR ANY EVIDENCE OR ARGUMENT THAT THE VICTIM TRADERS WERE RESPONSIBLE FOR DEFENDANT'S CONDUCT.

The government anticipates that defendant may seek to question witnesses, introduce evidence, or argue that the victim traders who traded with defendant could have waited and traded at a better price, but chose to trade with defendant.  In essence, this argument is designed to move the focus away from defendant's conduct and shift it to the victim's conduct, implying that the victim was responsible for defendant's conduct because the victim chose to trade with the defendant.  This type of argument is not permissible under current case law.

Relevant evidence focuses on the knowledge and intent of the defendant, not on the victim.  *See United States v. Biesiadecki*, 933 F.2d 539, 544 (7th Cir. 1991) (affirming conviction because the "[t]he excluded testimony. . . would have improperly shifted the jury's attention away from the knowledge and intent of [defendant] and focused instead on the beliefs of the victims of the alleged scheme to defraud").  For example, the federal fraud statutes do not put victims on trial, because "[t]hose who are gullible, as well as those who are skeptical, are entitled

7

to the[ir] protection[.]" *Id.* (citing *United States v. Sylvanus*, 192 F.2d 96, 105 (7th Cir. 1951).

Moreover, reliance is not an element of the commodities fraud offense or the anti-spoofing law,

and is not necessary for a conviction.

In *United States v. Serfling*, 504 F.3d 672 (7th Cir. 2007), the Seventh Circuit affirmed

the district court's exclusion of evidence that sought to blame the victim at trial. There, the

defendant provided a lending institution, among other things, false bank statements and

insurance information in order to obtain a $200,000 loan. The district court excluded evidence,

offered by the defendant, that the victim purportedly engaged in negligence because reasonable

investigation would have discovered the fraud. The Seventh Circuit, citing *United States v.*

*Coffman*, 94 F.3d 333, 334 (7th Cir. 1996), reaffirmed this Circuit's precedent that "the

perpetrator of a fraud may not defend himself by blaming the victim for being duped." *Serfling*,

504 F.3d at 679. Accordingly, the Seventh Circuit held that the evidence was inadmissible. *See*

*id.*; *see also Coffman*, 94 F.3d at 333 (excluding evidence blaming the victim because "it is not a

defense that the intended victim was too smart to be taken in"); *United States v. Catalfo*, 64 F.3d

1070, 1078 (7th Cir. 1995) ("Fraud remains fraud even if the victim should have acted more

prudently.")

In *United States v. Wade*, 1994 WL 143011 (7th Cir. May 19, 1994) (unpublished), the

Seventh Circuit affirmed the district court's decision to limit cross-examination of a witness

from the victim-lending institution. Defendant attempted to cross-examine a witness from

Security Pacific, the lender, about its mortgage loan lending practices. The Seventh Circuit

recognized that the "the lending practices of a defrauded bank were irrelevant because the focus

of the mail fraud statute is on the intent of the defendant and not on whether or not a financial

institution relied on the fraudulent information." *Wade*, 1994 WL 143011 at *4. Accordingly, the Court affirmed the exclusion of the evidence and affirmed the conviction. *See id.*

For the same reasons, defendant should not be permitted to introduce evidence or cross-examine witnesses that the victim traders chose to trade with defendant instead of waiting longer and obtaining the same or better price with another trader. This argument is analogous to a commonly excluded argument—that a victim investor is to blame because he chose to give his money to the Ponzi schemer instead of investing his money elsewhere. This argument is irrelevant, would confuse the issues, and would distract the jury from the real issue at trial—whether defendant engaged in commodities fraud and violated the anti-spoofing law.

## VI. THE COURT SHOULD BAR ANY ARGUMENT REGARDING THE GOVERNMENT'S MOTIVATIONS IN BRINGING THIS CASE.

As this Court is aware, this prosecution is the first criminal prosecution in the United States under the anti-spoofing provision of the Commodities Exchange Act, 7 U.S.C. § 6c(a)(5)(C). The government seeks to bar any evidence or argument about this fact, as well as any evidence or argument about the government's motivation in bringing this case.

Defendant has previously argued that the government's "zeal to enforce this provision for the very first time" violated the defendant's rights, and that the government "attempt[ed] to spring after-the-fact criminality on an unsuspecting defendant . . . ." Doc 28 at 9. This sort of argument is inappropriate and should be excluded at trial. Evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus excluded from trial. *See United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *United States v. Berrigan*, 482 F.2d 171, 174-76 (3d Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution").

Moreover, defendant should not be permitted to question government witnesses regarding the motivations of the government in bringing this case. It is settled law that inquiries regarding the subjective intentions or motivations of a government agent are irrelevant to determining the factual guilt or innocence of a defendant. *See, e.g., United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting, even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant"); *United States v. Katz*, 92 CR 94, 1992 WL 137174, at *7 (granting government's motion *in limine* to preclude inquiry regarding "[t]he subjective intentions or motivations of the agents involved in this case."); *United States v. Shields*, No. 90 CR 1044, 1991 WL 236492 at *3 (precluding evidence concerning discussions between supervising agent and cooperating witness and noting, "evidence of conversations between the government and its cooperating witness are immaterial; rather what matters is what the witness said to the defendants.").

Accordingly, because this evidence is irrelevant under Federal Rule of Evidence 401 and unfairly prejudicial under Federal Rule of Evidence 403, evidence or argument regarding the fact that this is the first prosecution under the federal anti-spoofing law, or the government's motivations in bringing this prosecution, should be excluded.

## VII. THE COURT SHOULD PRECLUDE ARGUMENT EXPLAINING OR DEFINING REASONABLE DOUBT.

The government respectfully moves to preclude the defendant from making arguments that explain or define the term "reasonable doubt." The Seventh Circuit has clearly and consistently held that "reasonable doubt" is a term that should not be defined by the trial court or counsel. *See, e.g.*, *United States v. Blackburn*, 992 F.2d 666, 668 (7th Cir. 1993) (noting that definitions of reasonable doubt have a likelihood of "confus[ing] juries more than the simple

words themselves"); *United States v. Bardsley*, 884 F.2d 1024, 1029 (7th Cir. 1989) (finding no error in withholding reasonable doubt instruction); *United States v. Glass*, 846 F.2d 386, 387 (7th Cir. 1988) (explaining that "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury") (citations omitted); *United States v. Hall*, 854 F.2d 1036 (7th Cir. 1988) ("An attempt to define reasonable doubt presents a risk without any real benefit.").

In *United States v. Thompson*, 117 F.3d 1033 (7th Cir. 1999), the Seventh Circuit affirmed the district court's decision to prevent defense counsel from explaining reasonable doubt to the jury. Explaining that "[t]he law is clear in this circuit that it is improper for attorneys to attempt to define the term," the Seventh Circuit noted that by preventing defense counsel's attempt to explain reasonable doubt, "[r]ather than abusing its discretion, the district court heeded our express command." *See also United States v. Alex Janows & Co.*, 2 F.3d 716, 722-23 (7th Cir. 1993) ("It seems simple enough; we admonish counsel, do not define 'reasonable doubt' to a jury."). Similarly, the pattern jury instructions for the Seventh Circuit also make clear that "[t]he Seventh Circuit has repeatedly held that it is inappropriate for the trial judge to attempt to define 'reasonable doubt' for the jury." Committee Comment to Seventh Circuit Pattern Jury Instruction 1.04 (Definition of Reasonable Doubt) (2012) (citations omitted).

## VIII. CONCLUSION

For the foregoing reasons, the government respectfully requests that its motions *in limine* be granted.

Dated: October 5, 2015                Respectfully submitted,

                                       ZACHARY T. FARDON
                                         United States Attorney

                       By:    */s/ Renato Mariotti*
                                         RENATO MARIOTTI
                                       SUNIL R. HARJANI
                                       Assistant United States Attorneys
                                       219 South Dearborn Street, 5th Floor
                                       Chicago, Illinois 60604
                                       (312) 886-7855