**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA     :

    :

          v.     :           14 CR. 551

    :

MICHAEL COSCIA,     :         Judge Harry D. Leinenweber

    :

          Defendant.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Michael Coscia respectfully requests that the following proposed instructions be adopted by the Court for its final charge to the jury. Mr. Coscia may ask the Court for permission to supplement or amend these proposed instructions, based on the evidence admitted at trial.

October 13, 2015

Respectfully submitted,

/s/ Steven R. Peikin
Steven R. Peikin
Karen Patton Seymour
Kenneth M. Raisler
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

-2-

## GENERAL INSTRUCTIONS

Defendant Michael Coscia respectfully requests that the following Pattern

Criminal Jury Instructions of the Seventh Circuit be included, if not already part of the Court's

standard instructions:[1]

1.01    FUNCTIONS OF COURT AND JURY

1.02    THE CHARGE

1.03    PRESUMPTION OF INNOCENCE/BURDEN OF PROOF

2.01    THE EVIDENCE

2.04    NUMBER OF WITNESSES

2.05    DEFENDANT'S FAILURE TO TESTIFY OR PRESENT EVIDENCE [IF APPLICABLE]

3.01    CREDIBILITY OF WITNESSES

3.02    ATTORNEY INTERVIEWING WITNESS [IF APPLICABLE]

3.04    PRIOR INCONSISTENT STATEMENT BY DEFENDANT [IF APPLICABLE]

3.08    CHARACTER EVIDENCE REGARDING DEFENDANT

3.13    OPINION TESTIMONY

3.14    RECORDED CONVERSATIONS/TRANSCRIPTS

3.16    SUMMARIES RECEIVED IN EVIDENCE

3.17    DEMONSTRATIVE SUMMARIES/CHARTS NOT RECEIVED IN EVIDENCE [IF APPLICABLE]

4.06    SEPARATE CONSIDERATION – ONE DEFENDANT CHARGED WITH MULTIPLE CRIMES

7.01    JURY DELIBERATIONS

---

[1] SEVENTH CIRCUIT PATTERN FEDERAL JURY INSTRUCTIONS—CRIMINAL (Thomson Reuters 2012) [hereinafter PATTERN INSTRUCTIONS].

-3-

7.03    UNANIMITY/DISAGREEMENT AMONG JURORS

## COMMODITIES FRAUD 18 U.S.C. § 1348(1)[2]

### Elements/Burden of Proof[3]

Counts One through Six of the Indictment charge Mr. Coscia with commodities fraud. In order for you to find Mr. Coscia guilty of these charges, the Government must prove each of the four following elements beyond a reasonable doubt with respect to the charge Count you are considering:[4]

> 1. There was a scheme to defraud, as charged in the Indictment;
>
> 2. Mr. Coscia knowingly executed the scheme to defraud;
>
> 3. Mr. Coscia acted with the intent to defraud; and
>
> 4. The scheme to defraud was in connection with a commodity for future delivery.

If you find from your consideration of all the evidence that the Government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Mr. Coscia guilty of that charge.[5]

---

[2] The commodities fraud statute delineates two different types of schemes: (1) schemes "to defraud" under 18 U.S.C. § 1348(1), and (2) schemes "to obtain, by means of false or fraudulent pretenses, representations, or promises, any money or property" under 18 U.S.C. § 1348(2). The Government provided notice on October 5, 2015, that it only intends to prove a violation of 18 U.S.C. § 1348(1), that the defendant participated in a scheme to defraud. Accordingly, the Defendant's Proposed Jury Instructions instruct the jury only on the elements of 18 U.S.C. § 1348(1).

[3] Instruction 4.01 (Elements/Burden of Proof), PATTERN INSTRUCTIONS at 47.

[4] The PATTERN INSTRUCTIONS do not include an instruction regarding the elements of commodities fraud. As the language and the structure of the commodities fraud provision is analogous to the bank fraud statute, the elements have been adapted from the Instruction on 18 U.S.C. § 1344 (Financial Institution Fraud – Elements), PATTERN INSTRUCTIONS at 511.

[5] Instruction 4.01 (Elements/Burden of Proof), PATTERN INSTRUCTIONS at 47.

-5-

If, on the other hand, you find from your consideration of all the evidence that the Government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Mr. Coscia not guilty of that charge.[6]

---

[6] *Id.*

**Commodities Fraud: Scheme to Defraud**

The first element the Government must prove beyond a reasonable doubt is the existence of a scheme to defraud, as charged in the Indictment.

A scheme is a plan or course of action formed with the intent to accomplish some purpose.[7]

A scheme to defraud means a plan or course of action intended to deceive or cheat another.[8] A scheme to defraud need not involve any false statement or misrepresentation of fact.[9] It can include a broad range of conduct,[10] but the scheme must be intended to deceive with respect to a material fact or matter.[11] A fact or matter is material if it is capable of influencing the decision of the person[s] who learn[s] of it.[12]

Here, the scheme that is charged in the Indictment is a high frequency trading strategy which involved the entry of large-volume orders that Mr. Coscia intended to cancel immediately before they could be filled by other traders. It is alleged that Mr. Coscia devised this strategy to create a false impression regarding the number of contracts available in the

---

[7] Instruction on 18 U.S.C. § 1344 (Scheme – Definition), PATTERN INSTRUCTIONS at 513.

[8] *See id* (modified by substituting "another" for "bank" or "financial institution").

[9] *Id.* The Seventh Circuit Committee explained, for example, that this Instruction "should be given in a case in which a scheme to defraud a bank is charged." Committee Comment to Instruction on 18 U.S.C. § 1344 (Scheme – Definition), PATTERN INSTRUCTIONS at 513. *See also United States* v. *Doherty*, 969 F.2d 425, 429 (7th Cir. 1992) ("[O]ne need not make a false representation to execute a scheme to defraud.").

[10] *Doherty*, 969 F.2d at 429 ("[T]he term 'scheme to defraud' describes a broad range of conduct . . . .").

[11] *See Neder* v. *United States*, 527 U.S. 1, 22 (1999) (holding that materiality is an essential element of mail/wire fraud); Committee Comment to Instruction on 18 U.S.C. § 1344 (Financial Institution Fraud – Elements), PATTERN INSTRUCTIONS at 512 ("Following *Neder*, the Seventh Circuit has made clear that 'district courts should include materiality in the jury instructions for section 1344.'") (quoting *United States* v. *Reynolds*, 189 F.3d 521, 525 n.2 (7th Cir. 1999)); *see also United States* v. *Fernandez*, 282 F.3d 500, 509 (7th Cir. 2002).

[12] *See* Instruction on 18 U.S.C. §§ 1341 & 1343 (Definition of Material), PATTERN INSTRUCTIONS at 498 (modified to recognize that a scheme to defraud under 18 U.S.C. § 1348(1) need not involve any false or fraudulent pretense, representation, or promise).

-7-

market, and to fraudulently induce other market participants to react to the deceptive market information that he created. It is further alleged that Mr. Coscia's strategy moved the market in a direction favorable to him, enabling him to purchase contracts at prices lower than, or sell contracts at prices higher than, the prices available in the market before he entered and canceled his large-volume orders.[13]

If you find from your consideration of all the evidence that the Government has proved beyond a reasonable doubt that such a scheme existed, and was, in fact, a scheme to defraud, then this element has been satisfied. If, on the other hand, you find that the Government has failed to prove beyond a reasonable doubt that such a scheme existed, or that the scheme was not, in fact, a scheme to defraud, then this element has not been satisfied.

---

[13] Indictment ¶ 3.

-8-

**Commodities Fraud: Knowingly**

The second element the Government must prove beyond a reasonable doubt is that Mr. Coscia knowingly executed the scheme to defraud.

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether Mr. Coscia acted knowingly, you may consider all of the evidence, including what Mr. Coscia did or said.[14]

---

[14] Instruction 4.10 (Knowingly – Definition), PATTERN INSTRUCTIONS at 61.

-9-

**Commodities Fraud: Intent to Defraud**

The third element the Government must prove beyond a reasonable doubt is that

Mr. Coscia acted with intent to defraud.

A person acts with intent to defraud if he acts knowingly with the intent to

deceive or cheat a victim in order to cause a gain of money or property to himself or the loss of

money or property to another.[15]

---

[15] Instruction on 18 U.S.C. §§ 1341 & 1343 (Definition of Intent to Defraud), PATTERN INSTRUCTIONS at 500; Jury Instructions at 16, *United States* v. *DiCosola*, No. 12-cr-446 (N.D. Ill. Sept. 18, 2014) (Instruction No. 16 of Judge Leinenweber).

**Commodities Fraud: Connection with a Commodity**

The fourth element the Government must prove beyond a reasonable doubt is that the scheme to defraud was in connection with a commodity for future delivery.

The "in connection with" aspect of this element is satisfied if you find that there was some nexus[16] between the allegedly fraudulent conduct and commodities transactions. Allegedly fraudulent conduct may be "in connection with" a commodity if you find that it "touched upon" a commodities transaction.[17]

---

[16] *See United States* v. *Motz*, 652 F. Supp. 2d 284, 294 (E.D.N.Y. 2009) ("a violation of 18 U.S.C. 1348 requires proof of three elements: (1) fraudulent intent (2) a scheme or artifice to defraud and (3) a nexus with a security.") (internal quotation marks omitted); *United States* v. *Mahaffy*, 693 F.3d 113, 125 (2d Cir. 2012).

[17] The PATTERN INSTRUCTIONS do not include a specific instruction for the phrase "in connection with." This instruction is adapted from LEONARD B. SAND ET. AL, MODERN FEDERAL JURY INSTRUCTIONS-CRIMINAL ¶ 57.03, Instruction 57-21 (2015), *available at* Lexis (Securities Exchange Act Securities Fraud (15 U.S.C. § 78j(b)). It is also consistent with jury instructions in securities fraud cases charged under 18 U.S.C. § 1348. *See, e.g.*, Jury Instructions at 30, *United States* v. *Stinn*, No. 07-cr-113-NG (E.D.N.Y. Mar. 10, 2008); Jury Instructions at 49, *United States* v. *Abdallah*, No. 09-cr-717, (E.D.N.Y. Mar. 2, 2011).

## Commodities Fraud: Good Faith[18]

If Mr. Coscia acted in good faith, then he lacked the intent to defraud required to prove the offense of commodities fraud charged in Counts One to Six of the Indictment. Here, if you find that Mr. Coscia honestly believed that his trading strategy was valid and not intended to deceive other market participants, then he acted in good faith and without intent to defraud.[19]

Mr. Coscia does not have to prove his good faith. Rather, the Government must prove beyond a reasonable doubt that Mr. Coscia acted with intent to defraud as charged in Counts One to Six of the Indictment.[20]

---

[18] Committee Comment to Instruction 6.10 (Good Faith – Fraud/False Statements/Misrepresentations), PATTERN INSTRUCTIONS at 119 (noting that good faith instruction should be used "in cases in which the government must prove some form of 'specific intent' such as intent to defraud "). *See, e.g.,* Jury Instructions at 27, *United States* v. *DiCosola*, No. 12-cr-446 (N.D. Ill. Sept. 18, 2014) (Instruction No. 27 of Judge Leinenweber); Jury Instructions at 23, *United States* v. *Letourneau*, No. 11-cr-182 (N.D. Ill. Aug. 15, 2013) (Instruction No. 22 of Judge Leinenweber).

[19] *See* Instruction 6.10 (Good Faith – Fraud/False Statements/Misrepresentations), PATTERN INSTRUCTIONS at 119 (modified for consistency with the scheme as charged in the Indictment).

[20] *Id.*

### "SPOOFING" 7 U.S.C. § 13(a)(2)

### Elements/Burden of Proof[21]

Counts Seven through Twelve of the Indictment charge Mr. Coscia with violating the anti-spoofing provision of the Commodity Exchange Act.

In order for you to find Mr. Coscia guilty of these charges, the Government must prove each of the three following elements beyond a reasonable doubt with respect to the Count you are considering: [22]

1.      Mr. Coscia engaged in trading, practices, or conduct that is "spoofing";[23]

2.      Mr. Coscia acted knowingly; and

3.      The "spoofing" occurred on or subject to the rules of a registered entity.

If you find from your consideration of all the evidence that the Government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Mr. Coscia guilty of that charge.[24]

If, on the other hand, you find from your consideration of all the evidence that the Government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Mr. Coscia not guilty of that charge.[25]

---

[21] Instruction 4.01 (Elements/Burden of Proof), PATTERN INSTRUCTIONS at 47.

[22] 7 U.S.C. § 6c(a)(5)(C) provides that "[i]t shall be unlawful for any person to engage in any trading, practice, or conduct on or subject to the rules of a registered entity that– . . . is, is of the character of, or is commonly known to the trade as, 'spoofing' (bidding or offering with the intent to cancel the bid or offer before execution)." 7 U.S.C. § 13(a)(2) makes it a felony for any person "knowingly to violate the provisions of . . . subsection (a) through (e) of subsection 6c."

[23] Although 7 U.S.C. § 6c(a)(5)(C) prohibits conduct that "is, is of the character of, or is commonly known to the trade as" spoofing, the Government provided notice on October 5, 2015, that it only intends to prove that Mr. Coscia engaged in conduct that "is" spoofing, and the Defendant's Proposed Jury Instructions instruct the jury accordingly.

[24] Instruction 4.01 (Elements/Burden of Proof), PATTERN INSTRUCTIONS at 47.

**Spoofing: Bidding or Offering with Intent to Cancel Before Execution**

The first element the Government must prove beyond a reasonable doubt is that Mr. Coscia engaged in trading, practices, or conduct that is "spoofing.'"[26]

"Spoofing" is defined as "bidding or offering with the intent to cancel the bid or offer before execution."[27]

To find this element satisfied, you must find that the Government has proved beyond a reasonable doubt that, at the time Mr. Coscia entered the bid or offer specified in the Count you are considering, he intended to cancel the bid or offer before it was executed.[28]

Mr. Coscia must have specifically intended to cancel his bid or offer before it was executed.[29] A person acts with intent to produce a consequence if a person acts with the purpose or conscious desire of producing that consequence.[30] It is not, however, sufficient for the

---

[25] *Id*.

[26] 7 U.S.C. § 6c(a)(5)(C); *see also* Indictment at 14-19.

[27] 7 U.S.C. § 6c(a)(5)(C).

[28] *Id.*

[29] *Id.* (defining "spoofing" as "bidding or offering *with the intent to cancel* the bid or offer before execution") (emphasis added). *See also United States* v. *Gruttadauro*, 818 F.2d 1323, 1328 (7th Cir. 1987) (specific intent crime is one in which there is "an element in a statute that requires a defendant to specifically intend the consequences of his or her acts . . . [and] the intent element must be separately and directly proven by the government"); *United States* v. *Leifer*, 778 F.3d 1236, 1243 (7th Cir. 1985) (conspiracy to distribute is a "specific intent" crime because "intent to distribute was an essential element").

[30] "In general, 'purpose' corresponds to the concept of specific intent, while 'knowledge' corresponds to general intent." *United States* v. *Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th Cir. 2000) (holding that attempted illegal reentry into the United States is a specific intent crime, therefore requiring proof that, among other elements, "1) *the defendant had the purpose, i.e., conscious desire*, to reenter the United States without the express consent of the Attorney General") (emphasis added). *See also United States* v. *Durham*, 645 F.3d 883, 892 n.1 (7th Cir. 2011) ("In order to convict a defendant of a general intent crime, the government must prove only that the defendant consciously and voluntarily [engaged] in the proscribed conduct. . . . Specific intent crimes require additional proof of the defendant's *intent to effectuate a particular result*.") (emphasis added) (internal quotation omitted).

-13-

Government to prove that Mr. Coscia knew or should have known that the consequence—that is,

cancellation of the bid or offer before execution—was substantially likely to occur.[31]

In assessing whether the Government has proved this element, you must find that

the Government has proved beyond a reasonable doubt that Mr. Coscia had the intent to cancel

the bid or offer at the time he placed the bid or offer,[32] and that he did not place the bid or offer

as part of a legitimate, good-faith attempt to execute at least part of that bid or offer.[33] It is not

sufficient for the Government to prove that Mr. Coscia formed an intent to cancel after he

---

[31] *See* note 29, *supra* (specific intent crimes require proof that defendant acted with purpose of achieving a result, not mere knowledge that the result is likely to occur). The jury should be instructed that the "anti-spoofing" provision's specific intent requirement requires the Government to prove that Mr. Coscia had the purpose or conscious desire to cancel his orders before execution, and that it is insufficient for the Government to show that cancellation was a consequence likely to result from Mr. Coscia's actions. "Spoofing" is a crime in which only the "heightened mental state separates criminality itself from otherwise innocuous behavior." *United States* v. *Bailey*, 444 U.S. 394, 405 (1980). "When the defendant's conduct does not constitute a completed criminal act, . . . a heightened intent requirement is necessary to ensure that the conduct is truly culpable." *Gracidas-Ulibarry*, 231 F.3d at 1193. Placing and cancelling an order is not a crime. Nor, as Mr. Coscia will establish, is cancelling most placed orders. Mr. Coscia does not suggest that the jury must be instructed on the legal concepts of specific and general intent crimes, but merely that the contours of this heightened intent requirement must be made clear to ensure that the jury applies the law in a constitutional manner.

[32] 7 U.S.C. § 6c(a)(5)(C) prohibits "bidding or offering with the intent to cancel." A plain reading of this statutory language makes clear that what is proscribed is the act of placing a bid or offer with a contemporaneous intent to cancel that bid or offer; any other reading is inconsistent with the rules of statutory interpretation and with the fundamental principle that criminal liability constitutes only from a "concurrence of an evil-meaning mind with an evil-doing hand." *Morrisette* v. *United States*, 342 U.S. 246, 251 (1952). The fact that, as Mr. Coscia will establish, cancelling orders is highly common and entirely permissible market behavior further supports the conclusion that Congress prohibited the entering of orders while intending, *at the time those orders were placed*, to cancel them.

[33] *See* Proposed Interpretive Order, 76 Fed. Reg. 14,943, 14,947 (Mar. 18, 2011) ("[O]rders, modifications, or cancellations will not be classified as 'spoofing' if they were submitted as part of a legitimate, good-faith attempt to consummate a trade. Thus, the legitimate, good-faith cancellation of partially filled orders would not violate section 4c(a)(5)(C)."); Interpretative guidance and policy statement, 78 Fed. Reg. 31,890, 31,896 (May 28, 2013) ("[T]he Commission interprets that a spoofing violation will not occur when the person's intent when cancelling a bid or offer before execution was to cancel such bid or offer as part of a legitimate, good-faith attempt to consummate a trade."). This Guidance supports the only correct reading of the "anti-spoofing" provision: one in which the placement of an order as part of a good-faith legitimate attempt to consummate a trade is inconsistent with the statutory prohibition on "bidding or offering with the intent to cancel." 7 U.S.C. § 6c(a)(5)(C).

entered the bid or offer,[34] or that he intended to cancel the bid or offer under some, but not all,

circumstances or conditions.[35]  Put another way, if you find that Mr. Coscia intended to execute

---

[34] *See* note 31, *supra*.

[35] The Indictment alleges that Mr. Coscia "designed his programs to cancel the quote orders within a fraction of a second automatically, *without regard to market conditions*."  Indictment ¶ 10 (emphasis added).   And, in finding that the anti-spoofing provision was constitutional as applied to the allegations in the Indictment, this Court expressly noted that the Indictment denied that Mr. Coscia's intent was conditional.  *United States* v. *Coscia*, No. 14-cr-551, 2015 WL 1805955, at \*5 (N.D. Ill. Apr. 16, 2015) ("Coscia argues that his intent to cancel was 'concededly conditional,' and in this respect his 'trading was virtually identical to other durational or contingent orders routinely permitted by exchange trading interfaces.'  However, this is not what the Indictment alleges.  The Indictment charges that Coscia placed orders with the intent to cancel, *not with the intent to fill them under certain conditions*.") (emphasis added) (internal citation omitted).

The Indictment acknowledges what the law makes clear: an intent to cancel orders under only certain conditions is insufficient to establish that Mr. Coscia has committed a felony.  The placement of an order that will cancel upon the occurrence of certain conditions is entirely legitimate market behavior.  *See, e.g.*, CME Globex, Order Qualifiers, *available at* http://www.cmegroup.com/confluence/display/EPICSANDBOX/Order+Qualifiers (last visited Oct. 11, 2015) (permitting "Fill or Kill" orders, which "must be fully filled immediately or the entire order is canceled," and "Good Til Date" orders, which "remain active on the order book until they are completely executed, expire at the specified date [or time], are canceled, or when the instrument expires"); Advance notice of proposed rulemaking; request for comments, 75 Fed. Reg. 67,301, 67,302 (Nov. 2, 2010) (making clear that "spoofing" must be differentiated from "legitimate trading activity," including the "cancelation of orders that may occur in the normal course of business").  If an intent to cancel under only certain conditions is sufficient to establish that Mr. Coscia has committed a felony, then this law would unconstitutionally penalize Mr. Coscia for engaging in accepted market behavior without the constitutionally required notice that his conduct was prohibited.  *See Grayned* v. *City of Rockford*, 408 U.S. 104, 108 (1972) ("It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined.").

However, the risk that the jury could misunderstand this point is high.  High frequency trading is highly technical, and the rules governing permissible and impermissible conduct are complex—moreover, the meaning of the phrase "bidding or offering with the intent to cancel" has eluded even those most experienced in the futures industry.  *See* CFTC Staff Roundtable on Disruptive Trading Practices (Dec. 2, 2010) at 64, 171-72, *available at* http://www.cftc.gov/LawRegulation/DoddFrankAct/Rulemakings/DF_24_DisruptiveTrading/dfsubmissio n24_120210-transcri.  That a juror might wrongly believe that conditional intent to cancel is a sufficient basis for conviction is underscored by the fact that conditional intent is often included under the rubric of intent.  *See, e.g.*, *Holloway* v. *United States*, 526 U.S. 1, 2, 11 (1999) (finding carjacker's intent to cause harm to driver under only certain conditions was sufficient to support a conviction for "the taking of a motor vehicle . . . with the intent to cause death or serious bodily harm" based in large part on the criminal law principle that "a defendant may not negate a proscribed intent by requiring the victim to comply with a condition the defendant has no right to impose") (internal quotation marks omitted).

-15-

his bid or offer under some, but not all circumstances, then the Government has failed to prove that he had an intent to cancel the bid or offer before execution, and this element has not been satisfied.[36]

Nor is it sufficient for the Government to prove that Mr. Coscia intended to cancel before execution part, but not all, of a bid or an offer. If you find that Mr. Coscia entered the bid or offer with the intent to execute part, but not all of the order, then the Government has not proven that he acted with the required intent to cancel, and you must find Mr. Coscia not guilty of the Count you are considering.[37]

Finally, it is also not sufficient for the Government to prove that Mr. Coscia placed a bid or offer with the intent that the bid or offer would influence other market

---

Thus, the possibility that a juror might view conditional intent as consistent with "intent" is not inconceivable as a matter of logic or law—but it is plainly wrong under this statute. *See* Model Penal Code § 2.02(6) ("[W]hen a particular purpose is an element of an offense, the element is established although such purpose is conditional, *unless the condition negatives the harm or evil sought to be prevented by the law defining the offense*.") (emphasis added). In order to avoid an unconstitutional result, the jury must be instructed that a conditional intent to cancel is an insufficient basis for conviction under the "anti-spoofing" provision.

[36] *See* note 31, *supra*.

[37] Entering bids and orders with the intent to consummate a partial trade is common and acceptable market behavior and is not proscribed by this statute. *See* 78 Fed. Reg. at 31,896 ("[L]egitimate, good-faith cancellation or modification of orders (*e.g.*, partially filled orders or properly placed stop-loss orders) would not violate [the statute.]"); CFTC Open Meeting on the Twelfth Series of Proposed Rulemakings Under the Dodd-Frank Act, 85 (Feb. 24, 2011), *available at* http://www.cftc.gov/LawRegulation/DoddFrankAct/Rulemakings/DF_24_DisruptiveTrading/dfsubmissio n7_022411-transcri ("A partial fill with the intent to consummate a trade is not a violation.") Numerous permissible order types involve an intent to execute a portion of an order, including "Fill and Kill" orders, which "are immediately executed against resting orders [and] [i]f the order cannot be fully filled, the remaining balance is canceled." CME Globex, Order Qualifiers, *see* note 35, *supra*. Indeed, this Court has noted that the statute's "intent to cancel" requirement distinguishes "partial-fill orders, which are entered with the intent to consummate a trade, not with the intent to cancel the order altogether" from prohibited conduct. *Coscia*, 2015 WL 1805955, at *4. However, the risk that the jury might mistake a permissible intent to execute a portion of an order for an impermissible intent to cancel the remainder of it is unacceptably high and warrants this instruction.

-16-

-17-

participants.  If the Government does not also prove that, at the time he placed the bid or offer,

Mr. Coscia intended to cancel it before execution, then this element is not satisfied, and you must

find Mr. Coscia not guilty of the Count you are considering.[38]

---

[38] 7 U.S.C. § 6c(a)(5)(C).

## Spoofing: Knowingly

The second element the Government must prove beyond a reasonable doubt is that Mr. Coscia acted knowingly.[39]

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether Mr. Coscia acted knowingly, you may consider all of the evidence, including what Mr. Coscia did or said.[40]

---

[39] 7 U.S.C. § 13(a)(2) makes it a felony for any person "*knowingly* to violate the provisions of section 6, section 6b, subsections (a) through (e) of subsection 6c" (emphasis added).

[40] Instruction 4.10 (Knowingly – Definition), PATTERN INSTRUCTIONS at 61.

-19-

## Spoofing: Registered Entity

The third element the Government must prove beyond a reasonable doubt is that any spoofing you find took place occurred on or subject to the rules of a registered entity. A "registered entity" includes a board of trade that is designated as a contract market under the Commodity Exchange Act.[41]

---

[41] 7 U.S.C. § 1a(40).

-20-

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2015, the foregoing was filed electronically with the

Clerk of Court to be served by operation of the Court's electronic filing system upon all

attorneys of record.

Renato Mariotti
Renato.mariotti@usdoj.gov

Sunil R. Harjani
Sunil.harjani@usdoj.gov


/s/ Steven R. Peikin_____
Steven R. Peikin