# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

October 13, 2015

By FedEx and CM/ECF

The Honorable Harry D. Leinenweber,
   United States District Judge
      Northern District of Illinois, Eastern Division,
         Everett McKinley Dirksen Courthouse,
           219 South Dearborn Street,
             Chicago, IL 60604.

         Re:   *United States v. Coscia*, No. 14-CR-551

Dear Judge Leinenweber:

        On behalf of Defendant Michael Coscia, we enclose the Defendant's Proposed Jury Instructions. These proposed instructions include those relating to the commodities fraud and "spoofing" counts alleged in the Indictment, as well as requests for various of the Court's standard instructions.

        Neither the commodities fraud nor the anti-spoofing statutes are addressed in the Seventh Circuit's Pattern Criminal Jury Instructions. Because the commodities fraud statute is worded similarly to the bank fraud statute, our proposed instructions are based closely on the pattern instructions for bank fraud.

        But the anti-spoofing statute, by contrast, has no even remotely similar analog in federal law. Moreover, as the Court is aware, this is the first *ever* prosecution—criminal or civil—under this provision. Consequently, in fashioning its instructions, the Court will be required to write on a blank slate.

        The Court's task is complicated by the fact that the anti-spoofing statute has no legislative history whatsoever. What is more, the CFTC—the expert agency charged with primary responsibility for enforcement of the provision—and futures market participants have recognized that, if read literally, the spoofing statute risks sweeping within its reach wholly ordinary and legitimate market conduct. *See* Defendant's Motion To Dismiss at 5-14. This is particularly true in the context of high-frequency algorithmic trading, where the cancellation of the vast majority of orders is routine.

The Honorable Harry D. Leinenweber -2-

We have therefore formulated proposed instructions which we believe will provide the jury with guidance necessary to distinguish between "legitimate, good-faith cancellation or modification of orders," that are "entered with the intent to consummate a trade," and the unlawful "entry of . . . orders with the intent to 'immediately cancel.'" *See* Opinion On Defendant's Motion To Dismiss at 12.

In view of the foregoing, we are submitting now the enclosed proposed instructions to allow the Court ample time to consider this critical legal issue.

Respectfully submitted,

Steven R. Peikin

(Enclosures)

cc: AUSA Renato Mariotti
AUSA Sunil Harjani
(By FedEx and CM/ECF)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 13, 2015, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

Renato Mariotti
Renato.mariotti@usdoj.gov

Sunil R. Harjani
Sunil.harjani@usdoj.gov

                                                /s/ Steven R. Peikin
                                                  Steven R. Peikin