UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   14 CR 551 |
| v. | ) | |
| | ) | Judge Harry D. Leinenweber |
| MICHAEL COSCIA | ) | |
| | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by its attorney, ZACHARY T. FARDON, United States

Attorney for the Northern District of Illinois, respectfully submits the government's proposed

jury instructions.  Certain paragraphs are identified in brackets pending admission of the

evidence to determine whether the instruction is necessary.


Dated: October 14, 2015                Respectfully submitted,

                                       ZACHARY T. FARDON
                                       United States Attorney


                              By:    s/Sunil R. Harjani
                                     RENATO MARIOTTI
                                     SUNIL R. HARJANI
                                     Assistant United States Attorneys
                                     219 S. Dearborn Street, Room 500
                                     Chicago, Illinois  60604
                                     (312) 353-5300

Members of the jury, I will now instruct you on the law that you must follow in deciding this case.  I will also give each of you a copy of these instructions to use in the jury room.  You must follow all of my instructions about the law, even if you disagree with them.  This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court.  This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendants guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially.  Do not let sympathy, prejudice, fear, or public opinion influence you.  In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

The charges against the defendant are in a document called an indictment.  You will have a copy of the indictment during your deliberations,

The indictment in this case charges defendant Michael Coscia with the crimes of commodities fraud and engaging in spoofing.  The defendant has pled not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing.  It is not evidence that the defendant is guilty.  It does not even raise a suspicion of guilt.

The defendant is presumed innocent of each and every one of the charges.  This presumption continues throughout the case, including during your deliberations.  It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt.  This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence.  He is not required to produce any evidence at all.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

[In addition, you may recall that I took [judicial] notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.]

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Seventh Circuit Committee (2012) 2.01
GOVERNMENT'S INSTRUCTION NO. 4

Give the evidence whatever weight you decide it deserves.  Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists.  This is called an inference.  You are allowed to make reasonable inferences, so long as they are based on the evidence.

Seventh Circuit Committee (2012) 2.02
GOVERNMENT'S INSTRUCTION NO. 5

You may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is evidence that directly proves a fact.  Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence.  The law does not say that one is better than the other.  It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

[You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.]

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

[A defendant has an absolute right not to testify [or present evidence]. You may not consider in any way the fact that a defendant did not testify [or present evidence]. You should not even discuss it in your deliberations.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony [, including that of the defendant].  You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- [the age of the witness;]

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent [or consistent] statements or conduct by the witness.

Seventh Circuit Committee (2012) 3.01

GOVERNMENT'S INSTRUCTION NO. 9

[It is proper for an attorney to interview any witness in preparation for trial.]

[You have heard evidence that before the trial, [a] witness[es] made [a] statement[s] that may be inconsistent with [his; their] testimony here in court.  You may consider an inconsistent statement made before the trial [only] to help you decide how believable a witness' testimony was here in court.  [If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.]]

[You have heard evidence that before the trial, the defendant made [a] statement[s] that may be inconsistent with his testimony here in court.  You may consider an inconsistent statement by a defendant made before the trial to help you decide how believable the defendant's testimony was here in court, and also as evidence of the truth of whatever the defendant said in the earlier statement.]

You have heard a witness, [namely __], who gave opinions and testimony about [specify the subjects].  You do not have to accept this witness' opinions and testimony.  You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualification, how he reached his opinions, and the factors I have described for determining the believability of testimony.

You have heard testimony from the defendant given before the Commodities Futures Trading Commission.  This is proper evidence that you should consider together with and in the same way you consider the other evidence.

Certain summaries were admitted in evidence. You may use those summaries as evidence.

[The accuracy of the summaries has been challenged. [The underlying [documents; evidence] [has; have] also been admitted so that you may determine whether the summaries are accurate.]

[It is up to you to decide how much weight to give to the summaries.]

Certain [charts] were shown to you to help explain other evidence that was admitted, [specifically, identify the demonstrative exhibit, if appropriate]. These [charts] are not themselves evidence or proof of any facts, so you will not have these particular [charts] during your deliberations]. [If they do not correctly reflect the facts shown by the evidence, you should disregard the [charts] and determine the facts from the underlying evidence.]]

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

Seventh Circuit Committee (2012) 3.18
GOVERNMENT'S INSTRUCTION NO. 17

The indictment charges that the crimes happened "on or about" certain dates. The government must prove that the crimes happened reasonably close to the dates. The government is not required to prove that the crimes happened on those exact dates.

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charges.

Seventh Circuit Committee (2012) 4.06
GOVERNMENT'S INSTRUCTION NO. 19

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether a defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Seventh Circuit Committee (2012) 4.10
GOVERNMENT'S INSTRUCTION NO. 21

An offense may be committed by more than one person. A defendant's guilt may be established without proof that a defendant personally performed every act constituting the crime charged.

Any person who knowingly aids, counsels, commands, induces or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

Counts One through Six of the indictment charge defendant with commodities fraud.

In order for you to find the defendant guilty of this charge, the government must prove each of the four following elements beyond a reasonable doubt:

1. there was a scheme to defraud any person as charged in the indictment; and

2. the defendant knowingly executed the scheme; and

3. the defendant acted with the intent to defraud; and

4. the scheme was in connection with any commodity for future delivery.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

Seventh Circuit Committee (2012) p. 511 [modified from 18 U.S.C. § 1344]; 18 U.S.C. § 1348; District of South Carolina Pattern Jury Instructions (2015), p. 272; *United States v. Michael Coscia*, Docket #36, (Opinion denying motion to dismiss), p. 15-16; *United States v. Mahaffy*, 693 F.3d 113, 125 (2d Cir. 2012).
GOVERNMENT'S INSTRUCTION NO. 24

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

A scheme to defraud any person means a plan or course of action intended to deceive or cheat or to obtain money or property or to cause the loss of money or property by any person. A scheme to defraud need not involve any false statement or misrepresentation of fact. A scheme to defraud should be material, which means it is capable of influencing the decision of the person to whom it is addressed.

A scheme to defraud is in connection with any commodity for future delivery if it coincided with or touched upon a commodities transaction.

Seventh Circuit Committee (2012) 18 U.S.C. 1344, p 513 [modified] and p. 498 (materiality); *see United States v. Durham*, 766 F.3d 672, 681 (7th Cir. 2014) (defining law for "in connection with" for securities fraud violation under 15 U.S.C. §78j(b)).

GOVERNMENT'S INSTRUCTION NO. 25

A person acts with intent to defraud if he acts knowingly with the intent to deceive or cheat the victim in order to cause a gain of money or property to defendant or another or the potential loss of money or property to another.

Seventh Circuit Committee (2012), 18 U.S.C. § 1343, p. 500.
GOVERNMENT'S INSTRUCTION NO. 26

The commodities fraud statute can be violated whether or not there is any loss or damage to the victim of the crime or gain to the defendant.

The government need not prove that the scheme to defraud actually succeeded.

Seventh Circuit Committee (2012), p. 507; 18 U.S.C. § 1341 & 1343 [modified]

GOVERNMENT'S INSTRUCTION NO. 27

Counts Seven through Twelve of the indictment charge defendant with a violation of the anti-spoofing statute. In order for you to find a defendant guilty of this charge, the government must prove each of the two following elements beyond a reasonable doubt:

1.      The defendant engaged in any trading, practice or conduct, on and subject to the rules of CME Group markets, that was spoofing, which is bidding or offering with the intent to cancel the bid or offer before execution;

2.      The defendant did so knowingly.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

7 U.S.C. 6(c)(5)(C) and 13(a)(2); *United States v. Michael Coscia*, Docket #36, (Opinion denying motion to dismiss), p. 11-12
GOVERNMENT'S INSTRUCTION NO. 28

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, and Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

A verdict form has been prepared for you.  You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form.  [The foreperson; The presiding juror; Each of you] will sign it.

Advise the court security officer once you have reached a verdict.  When you come back to the courtroom, [I; the clerk] will read the verdicts aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt [and whether the defendant has proved [insert defense] [by a preponderance of the evidence; by clear and convincing evidence]].

Seventh Circuit Committee (2012) 7.03

GOVERNMENT'S INSTRUCTION NO. 31

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA     )
)    No.    14 CR 551
v.     )
)    Judge Harry D. Leinenweber
MICHAEL COSCIA     )

## <u>VERDICT FORM</u>

With respect to **COUNT ONE** of the indictment, we, the jury, find defendant **MICHAEL COSCIA**:

GUILTY _____       NOT GUILTY _____

With respect to **COUNT TWO** of the indictment, we, the jury, find defendant **MICHAEL COSCIA**:

GUILTY _____       NOT GUILTY _____

With respect to **COUNT THREE** of the indictment, we, the jury, find defendant **MICHAEL COSCIA:**

GUILTY _____       NOT GUILTY _____

With respect to **COUNT FOUR** of the indictment, we, the jury, find defendant **MICHAEL COSCIA**:

GUILTY _____       NOT GUILTY _____

With respect to **COUNT FIVE** of the indictment, we, the jury, find defendant **MICHAEL COSCIA**:

GUILTY _____       NOT GUILTY _____

With respect to **COUNT SIX** of the indictment, we, the jury, find defendant **MICHAEL COSCIA**:

GUILTY _____       NOT GUILTY _____

With respect to **COUNT SEVEN** of the indictment, we, the jury, find defendant **MICHAEL COSCIA**:

GUILTY _____       NOT GUILTY _____

With respect to **COUNT EIGHT** of the indictment, we, the jury, find defendant **MICHAEL COSCIA**:

GUILTY _____          NOT GUILTY _____

With respect to **COUNT NINE** of the indictment, we, the jury, find defendant **MICHAEL COSCIA**:

GUILTY _____          NOT GUILTY _____

With respect to **COUNT TEN** of the indictment, we, the jury, find defendant **MICHAEL COSCIA**:

GUILTY _____          NOT GUILTY _____

With respect to **COUNT ELEVEN** of the indictment, we, the jury, find defendant **MICHAEL COSCIA**:

GUILTY _____          NOT GUILTY _____

With respect to **COUNT TWELVE** of the indictment, we, the jury, find defendant **MICHAEL COSCIA**:

GUILTY _____          NOT GUILTY _____


_____          _____

FOREPERSON


_____          _____


_____          _____


_____          _____


_____          _____


_____          _____