**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Case No. 14 CR 551 |
| v. | Judge Harry D. Leinenweber |
| **MICHAEL COSCIA,** | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Defendant Michael Coscia faces six counts of "spoofing" (bidding or offering with the intent to cancel before execution) under 7 U.S.C. § 6c(a)(5)(C) and six counts of commodities fraud under 18 U.S.C. § 1348. Before the Court are both parties' Motions *in Limine* [ECF Nos. 47 and 52]. For the reasons stated herein, the Government's Motions are granted in part and denied in part, and Coscia's Motions are granted in part, denied in part, and reserved in part.

### I. GOVERNMENT'S MOTIONS *IN LIMINE*

The Government filed seven Motions in *Limine*, two of which Coscia opposes. The unopposed Motions (Nos. 1, 2, 4, 6, and 7) are granted.

## A. Motion No. 3.

In Motion No. 3, the Government seeks to exclude rules and regulations relating to spoofing from certain financial markets, the Commodities Futures Trading Commission ("CFTC"), and the Financial Conduct Authority. The Government argues that this evidence is irrelevant, confuses the issues, and presents questions of law that are not for the jury to decide.

"It is a basic premise of our legal system that juries are the triers of fact only; it is for the judge, not the jury, to interpret the law." *United States v. Tokash,* 282 F.3d 962, 968 (7th Cir. 2002). Thus, industry rules and regulations that attempt to define spoofing for the jury are irrelevant and likely to cause confusion. Coscia has indicated that he does not intend to introduce such evidence at trial.

However, Coscia does intend to offer evidence relating to certain rules and regulations to show that he did not act with the requisite intent to defraud or cancel orders before execution. Coscia notes that market rules did not prohibit certain aspects of his trading activity — for instance, they allowed the placement of disparate orders on both sides of the market, did not require orders to be left open for a minimum amount of time, and permitted large-volume orders up to a certain limit.

At trial, Coscia is entitled to introduce "evidence of good faith or the absence of intent to defraud." *United States v. Warner,* 498 F.3d 666, 691 (7th Cir. 2007). Certain rules and regulations may be relevant to show that Coscia's conduct was consistent with permitted market behavior, and thus did not reflect intent to defraud or cancel orders prior to execution. Because Coscia may introduce certain rules and regulations for this purpose, the Government's Third Motion *in Limine* is granted in part and denied in part.

### B. Motion No. 5.

In Motion No. 5, the Government seeks to exclude evidence or argument that "victim traders" were responsible for Coscia's conduct. It is well established that the "perpetrator of a fraud may not defend himself by blaming the victim for being duped," *United States v. Serfling,* 504 F.3d 672, 679 (7th Cir. 2007), and Coscia has stated that he has no intention of advancing a "blame-the-victim" defense.

However, Coscia anticipates that the Government may introduce testimony from so-called "victim traders" to prove his intent to mislead them. If the Government does so, Coscia seeks to introduce evidence on cross-examination showing that "any alleged victims were not misled or defrauded," and that they "got the benefit of their bargains." (Def.'s Resp., ECF No. 57, at 6.)

"[C]ourts have held repeatedly that loss is relevant in fraud cases to demonstrate a defendant's knowledge or intent to commit fraud." *United States v. Munoz-Franco,* 487 F.3d 25, 62 (1st Cir. 2007); *see also, United States v. Copple,* 24 F.3d 535, 545 (3d Cir. 1994) ("Proof that someone was victimized by the fraud [may be] evidence of the schemer's intent."). Thus, to the extent that the Government uses victim testimony to prove intent, Coscia may cross-examine witnesses about whether they were actually "misled or defrauded" or "got the benefit of their bargains." The Government's Fifth Motion *in Limine* is therefore granted in part and denied in part.

## II. COSCIA'S MOTIONS *IN LIMINE*

Coscia has filed nine *Motions in Limine*. The unopposed motions (Nos. 3, 4, 6, and 9) are granted.

### A. Motion No. 7

In Motion No. 7, Coscia seeks to exclude CME Group ("CME") and ICE Futures Europe ("ICE") witness testimony relating to complaints about his trading activity. The Court begins with Motion No. 7 because the complaints' admissibility is an issue that arises in several of the Government's responses.

Coscia urges the Court to exclude the complaints because they are inadmissible hearsay, irrelevant, and prejudicial. The Government has indicated that it does not intend to offer the out-of-court statements of the complainants. Instead, the

Government plans to introduce "the *fact* that market participants complained to [CME or ICE and] the fact that the complaints were received and linked back to Defendant." (Gov't Resp., ECF No. 58, at 5.) According to the Government, the fact that other traders viewed Coscia's conduct as "so unusual and disruptive that they decided to report [it]" is probative of Coscia's intent. (*Id.* at 6.)

Although the fact that complaints were made is not hearsay, the Government has failed to show how the complaints are relevant. The Government insists that "[a]ll the jury will hear is that a witness made a complaint about a specific behavior . . . and that the exchange linked the activity . . . to the defendant." (*Id.*) But the fact that traders complained about certain behavior to the exchanges does little, if anything, to prove Coscia's intent. Moreover, introducing evidence of how other traders perceived Coscia's activity poses a risk of unfair prejudice that substantially outweighs whatever probative value the complaints may have — jurors may conclude that Coscia's activity was illegal because other traders found it unusual. Coscia's Motion to exclude complaints regarding his trading activity is therefore granted.

### B. Motion No. 1

In Motion No. 1, Coscia seeks to exclude evidence concerning regulatory investigations of his trading activity and

related settlements. The Government does not intend to offer evidence regarding the settlements or certain investigations. However, the Government does aim to introduce evidence that CME and ICE investigated Coscia's conduct based on the complaints mentioned above, and that CME and ICE linked the activity to Coscia through investigations. The Government argues that this evidence is relevant to show that "Coscia's conduct was unusual and purposeful, not the result of ordinary, run-of-the-mill trading activity that was not intended to trick others." (*Id.* at 2.)

Under Rule 408(a)(1), evidence of "furnishing . . . a valuable consideration in compromising or attempting to compromise the claim" is not admissible to prove the validity of a disputed claim, and the parties agree that evidence of Coscia's prior settlements should be excluded. In addition, because the Government has not shown how the complaints and follow-up investigations are relevant to Coscia's intent to defraud others or cancel orders before execution, the Court finds that they too should be excluded. Coscia's Motion to exclude evidence regarding prior investigations and settlements is therefore granted.

### C. Motion No. 2

In Motion No. 2, Coscia seeks to exclude evidence related to market harm or disruption that is unconnected to his trading

activity.  It appears that the Government does not intend to offer evidence of unconnected market harm or disruption, and Coscia's Motion is therefore granted to the extent that it seeks to exclude such evidence.

Coscia urges the Court to "require the Government to offer proof of a direct causal connection to the trading activity . . . that is charged in the Indictment" before admitting any evidence of market harm or disruption that other traders observed.  (Coscia Mem., ECF No. 48, at 6.)  Here again, the Government reiterates that it plans to introduce complaints that CME and ICE linked to Coscia.  The Court reserves ruling on the admissibility of such evidence until trial, when the Government will have the opportunity to show a direct connection to Coscia and the trading activity charged in the indictment.

### D.  Motion No. 5.

In Motion No. 5, Coscia seeks to exclude all references at trial to the term "manipulation."  Coscia argues that such references are (1) irrelevant because Coscia is not charged with "manipulation," and (2) prejudicial.

The Government does not intend to argue that Coscia engaged in "manipulation," as that term is used in the Commodity Exchange Act, which makes it a crime "to manipulate or attempt to manipulate the price of any commodity in interstate commerce."  7 U.S.C. § 13(a)(2).  However, the Government does

intend to use the term "manipulate" according to its common, everyday meaning — to control or influence in a clever or unfair way.

The term "manipulation," when used in the ordinary, non-legal sense that the Government describes, is not unfairly prejudicial. It carries neither the same inflammatory connotations as "tax haven," "securities fraud," or "insider trading," nor the legal weight of "market manipulation" — terms that other courts excluded in the cases Coscia cites. *See, Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, No. 04 CIV 10014 PKL, 2009 WL 3111766, at *7 (S.D.N.Y. Sept. 28, 2009); *Highland Capital Mgmt., L.P. v. Schneider,* 551 F.Supp.2d 173, 193 (S.D.N.Y. 2008). Coscia's Motion to exclude references to "manipulation" is therefore denied.

### E. Motion No. 8.

In Motion No. 8, Coscia seeks to exclude evidence of unrelated, post-indictment trading activity, including his use of an algorithmic trading program called "Ratio Trader" in November 2011.

Although the Government agrees that Coscia's Motion should be granted, it has indicated that it may introduce evidence of post-indictment trading activity if "the defense argues that defendant ceased his market activity independent of action by the exchanges or regulators." (Gov't Resp., ECF No. 58, at 7.)

In general, Coscia's post-indictment trading activity is both irrelevant and prejudicial. *See, United States v. Boone*, 628 F.3d 927, 935 (7th Cir. 2010) ("[T]he definition of the scheme itself is a limiting principle, in that only evidence of the same scheme as opposed to a related or distinct scheme, is admissible."). However, in the event that Coscia argues that he ceased his trading activity independent of any action by the exchanges or regulators, and the Government attempts to introduce evidence of post-indictment trading activity to refute this argument, the Court reserves ruling on the admissibility of such evidence until that issue arises at trial.

### III. CONCLUSION

For the reasons stated herein, the Government's Motions *in Limine* [ECF No. 52] are granted in part and denied in part. Coscia's Motions *in Limine* [ECF No. 47] are granted in part, denied in part, and reserved in part.

**IT IS SO ORDERED.**

                        Harry D. Leinenweber, Judge
                        United States District Court

Dated: October 19, 2015