UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | No. 14 CR 551 |
|---|---|
| vs. | Judge Harry D. Leinenweber |
| MICHAEL COSCIA | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

The UNITED STATES OF AMERICA, by and through its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, hereby submits the following response to two of defendant's proposed jury instructions.[1] Defendant made a number of arguments in support of those instructions in the footnotes to his proposed jury instructions. Below, the government responds to those arguments.

**I.  DEFENDANT'S INSTRUCTION REGARDING THE FIRST ELEMENT OF THE ANTI-SPOOFING LAW SHOULD NOT BE GIVEN.**

The parties agree that the government must prove that the defendant engaged in trading, practices or conduct that is spoofing, and that the term "spoofing" is defined as "bidding or offering with the intent to cancel the bid or offer before execution." 7 U.S.C. § 6c(a)(5)(C). But defendant also proposes that this Court read a seven-paragraph instruction further elaborating on the meaning of this definition. Defendant's proposed instruction is confusing, repetitive, and

---

[1] While there are various disagreements between the parties' proposed instructions, the government will address the other disagreements orally at the jury instruction conference.

1

unnecessary. Moreover, parts of defendant's proposed instruction do not accurately summarize the law because they suggest that there are exceptions or safe harbors that the statute does not contain. This Court should decline to give this instruction, and should instead give Government Instruction #28, which closely tracks the language of the anti-spoofing statute.

Nearly all of the points made by defendant's proposed instruction are included in the statutory definition of spoofing as "bidding or offering with the intent to cancel the bid or offer before execution." For example, defendant's instruction states at least three different times that the government must prove that defendant's intent to cancel existed at the time he entered the order. This is inherent in the statutory definition, which requires the government to prove that defendant entered the bid or offer with the intent to cancel it. In any event, the government will not argue that defendant's intent changed between the time he entered orders and their cancellation 200 milliseconds later. The government will introduce evidence establishing that defendant's orders were pre-programmed to cancel when they were entered.

It is well-established that gratuitous instructions confuse, and should not be given. *Llaguno v. Mingey*, 763 F.2d 1560, 1569 (7th Cir. 1985) (en banc); *Heater v. Chesapeake & Ohio Ry.*, 497 F.2d 1243, 1249 (7th Cir. 1974). The Seventh Circuit recently held that "[u]nless it is necessary to give an instruction, it is necessary not to give it, so that the important instructions stand out and are remembered." *United States v.* Caira, 737 F.3d 455, 463 (7th Cir. 2013) (quoting *United States v.*

2

*Hill*, 252 F.3d 919, 923 (7th Cir. 2001)). "The giving of unnecessary instructions raises the distinct possibility of cluttering the instructions taken as a whole and, consequently, deflecting the jury's attention from the most important aspects of its task." *United States v. McKnight*, 665 F.3d 786, 794 (7th Cir. 2011).

Defendant's proposed instruction also introduces the concept of specific intent and defines specific intent based upon a Ninth Circuit case discussing the illegal reentry statute. Def's Proposed Instructions at 13. However, the Seventh Circuit Committee on Federal Criminal Jury Instructions specifically "recommends avoiding instructions that distinguish between 'specific intent' and 'general intent.' Instead, the trial judge should give instructions that define the precise mental state required by the particular offense charged." Seventh Circuit Committee 4.12 (p. 64). As the Committee noted, "[d]istinctions between 'specific intent' and 'general intent' more than likely confuse rather than enlighten juries." *Id*. (citing *United States v. Bailey*, 444 U.S. 394, 398-413 (1980) and *Liparota v. United States*, 471 U.S. 419, 433 n.16 (1985).

Defendant's proposed instruction also attempts to create a safe harbor for circumstances where defendant had the intent to cancel but was "attempt[ing] to execute at least part of that bid or offer." Def's Instructions at 14. This safe harbor does not exist within the statute and is not supported by the policy statements cited by defendant. The statute criminalizes entering a bid or offer with the intent to cancel it. For example, if defendant entered a bid for 1000 contracts and intended to cancel the bid at the time he entered it, this conduct would violate the statute.

3

That would still be the case even if defendant thought that it was possible that the bid could purchase 1 contract before he cancelled the entire bid. Defendant has not cited any authority to the contrary because no such authority exists. The statutory language is plain and should not be constructively amended through defendant's proposed jury instruction.

Defendant also proposes that the jury be instructed, in two different ways, that proving defendant's intent to cancel a bid or offer is not sufficient if he had the intent to cancel "under some, but not all, circumstances or conditions." Def's Instructions at 15. This language is vague and would grant a safe harbor that does not exist in the statute by reading words into the statute that do not exist. Moreover, the words that defendant tries to read into the statute are hopelessly vague. For example, it is unclear exactly what defendant means by "circumstances."

To the extent that defendant's proposed instruction regarding "some, but not all, circumstances" is referring to entering an order with the intent to cancel it if there is a change in market conditions—for example, an intent to cancel an order if the price went up—that issue is not presented by this trial. Defendant admitted under oath that his orders were pre-programmed to cancel after a timer expired regardless of market conditions. Accordingly, defendant's instruction regarding "some, but not all, circumstances" is unnecessary and inapplicable to the facts of this case. Given that it is also vague and confusing, it should not be given.

The statutory definition of spoofing and the other instructions adequately instruct the jury regarding what the government must prove regarding defendant's intent to cancel, and "it is unnecessary to give a proposed instruction where the essential points are covered in another instruction." *United States v. Hansen*, 701 F.2d 1215, 1218 (7th Cir. 1983). If the instructions define the statute's *mens rea* elements correctly, no more is required. *United States v. Blagojevich*, 794 F.3d 729 (7th Cir. 2015). This Court should give an instruction setting forth the elements and the statutory definition of spoofing, such as Government Instruction #28, without the surplusage proposed by defendant.

## II. DEFENDANT'S GOOD FAITH INSTRUCTION SHOULD NOT BE GIVEN.

Defendant also proposes a good faith jury instruction, which the Seventh Circuit has repeatedly held is not appropriate unless willfulness is an element of the offense. Just last month, the Seventh Circuit held that "[a] good faith theory is essentially a claim that the defendant did not act willfully. An instruction on such a theory is therefore unnecessary where willfulness is not an element of the offense charged." *United States v. Clarke*, __ F.3d __, 2015 WL 5209216 at *4 (7th Cir. Sept. 8, 2015) (internal citations and quotations omitted).

As discussed above, the Seventh Circuit has repeatedly held that unnecessary jury instructions should not be given. For that reason, the Seventh Circuit has held that the district court's denial of a good faith instruction where "intent to defraud" and "knowingly" were elements of the crime was not error, because the concept of good faith simply meant that the defendant lacked the intent to defraud or did not act knowingly; instructions on these matters were already part

5

of the jury instructions and the government's burden of proof at trial. *United States v. Koster*, 163 F.3d 1008, 1012-13 (7th Cir. 1998); *see also United States v. Prude*, 489 F.3d 873 (7th Cir. 2007) ("[w]e have previously considered and rejected claims that a district court was required to give a good faith theory-of-defense instruction.") Thus, this Court should not give a good faith instruction in this case, under current Seventh Circuit precedent. Nevertheless, defendant has proposed the following instruction:

> If Mr. Coscia acted in good faith, then he lacked the intent to defraud required to prove the offense of commodities fraud charged in Counts One to Six of the Indictment. Here, if you find that Mr. Coscia *honestly believed that his trading strategy was valid* and not intended to deceive other market participants, then he acted in good faith and without intent to defraud.
>
> Mr. Coscia does not have to prove his good faith. Rather, the Government must prove beyond a reasonable doubt that Mr. Coscia acted with intent to defraud as charged in Counts One to Six of the Indictment.

Def's Instructions at 11 (emphasis added).

Defendant's proposed instruction is confusing and an incorrect statement of the law. First, the proposed instruction does not make sense. The meaning behind the statement, "[defendant] honestly believed that his trading strategy was valid" is wholly unclear. *See* Merriam-Webster Dictionary (online) (2015) (defining "valid" as "having legal efficacy or force," "well-grounded or justifiable," or "logically correct"). For example, defendant may very well had believed his trading strategy was "valid," (as in a strategy that was logically sound, or operated properly), but it could still be strategy where defendant intended to deceive others in the commodities futures

6

markets. Thus, the instruction is vague, does not address defendant's intent (or lack of intent), and is likely to be interpreted as an incorrect statement of the law.

Second, and more importantly, the proposed instruction's use of the term "valid" more likely suggests to the jury that it can acquit defendant if he believed his trading strategy was "legal" (as validity is often associated with legality), which is an incorrect statement of the law. Ignorance of the law is not a defense to the commodities fraud statute, and the statute does not have a willfulness requirement. *See* 18 U.S.C. § 1348(1); *United States v. Kilgore*, 591 F.3d 890, 894 (7th Cir. 2010) ("it is hornbook law that ignorance of the law is generally no defense").

Similar concerns were raised by the Seventh Circuit in *United States v. Blagojevich*, 794 F.3d 729, 739 (7th Cir. 2015). There, the Seventh Circuit rejected defendant's request for a good faith instruction, finding that it was applicable when a statute required a "willful" violation. The Seventh Circuit also stated that the "intent" and "knowledge" requirements properly covered defendant's theory, and the proposed good faith instruction improperly suggested that a defendant could be acquitted he if was mistaken about the law. The Court held the instruction was unnecessary, noting that the "a jury's task is hard enough as it is without using multiple phrases to cover the same subject." *Id*.[2] All of those concerns are applicable in this case and warrant a denial of the instruction.

---

[2] Indeed, because the defendant had been suggesting a mistake-of-law defense at trial in *Blagojevich*, the Seventh Circuit approved of the following instruction to the jury: "The burden is not on the defendant to prove his good faith; rather, the government must prove beyond a reasonable doubt that the defendant acted with the requisite intent. *The*

7

Indeed, the Seventh Circuit's good faith pattern jury instruction (§6.10) includes the second sentence of paragraph one concerning the truth or validity of a *false statement*, not the validity of a "trading strategy" as defendant suggests in his proposed instruction. This shows that the second sentence only applies in the context of a false statement, because if a defendant honestly believed the truthfulness of the false statement, he lacked the intent to defraud or did not act knowingly. The second sentence does not make sense in a case only involving a scheme to defraud, where no false statement needs to be proved. The government has previously informed the Court that it does not intend to proceed under subsection 2 of 18 U.S.C. § 1348, which requires a false statement, but rather on subsection one of Section 1348, which only requires a scheme to defraud and not a false statement. Doc. 53. Thus, the second sentence of paragraph one of defendant's proposed instruction is inapplicable to this case.

In summary, defendant's proposed good faith instruction is unnecessary, confusing, and an incorrect statement of the law in this case. The good faith instruction is repetitive of the Court's prior instructions on intent to defraud and knowingly—the government will prove defendant's intent to defraud and that he acted knowingly, and defendant will likely argue that he did not have the requisite *mens rea*. The good faith instruction is also confusing and an incorrect statement of

---

*government is not required to prove that the defendant knew his acts were unlawful.*" 794 F.3d at 739 (emphasis added).

the law.  Accordingly, this Court should deny defendant's request to give this jury instruction at trial.

## III. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court not give the two proposed jury instructions set forth above.

Dated:     October 27, 2015          Respectfully submitted,

                                     ZACHARY T. FARDON
                                     United States Attorney

                             By:     */s/ Renato Mariotti*
                                     RENATO MARIOTTI
                                     SUNIL R. HARJANI
                                     Assistant United States Attorneys
                                     219 South Dearborn Street, 5th Floor
                                     Chicago, Illinois 60604
                                     (312) 886-7855