**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>            v.<br><br>MICHAEL COSCIA,<br><br>                    Defendant. | 14 CR. 551<br><br>Judge Harry D. Leinenweber |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PROPOSED
JURY INSTRUCTIONS**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Defendant Michael Coscia*

October 28, 2015

Defendant Michael Coscia respectfully submits this Reply Memorandum of Law in reply to the Government's Response To Defendant's Proposed Jury Instructions.

This case requires the Court to write on a blank slate. No court has ever instructed a jury on the meaning of the anti-spoofing statute—a provision which has repeatedly been recognized by futures market participants, exchanges, and even Commissioners of the CFTC itself as vague. This Court is tasked with the responsibility of directing a jury how to distill unlawful spoofing from the vast majority of wholly legitimate trading activity that involves appropriate cancellation of orders. Mr. Coscia's proposed instructions attempt to assist the Court in meeting that obligation.

The Government, by contrast, urges the Court to punt and simply incant the words of the statute—an approach that is directly criticized in the Seventh Circuit Pattern Jury Instructions. In doing so, the Government appears to invite the Court into error. For the reasons stated below, Mr. Coscia's proposed instructions on the anti-spoofing statute are legally correct and necessary to assist the jury in its evaluation of the evidence.

The Government also urges the Court to reject Mr. Coscia's instruction on "good faith." That instruction is wholly proper, consistent with the law, supported by the evidence, and integral to Mr. Coscia's defense. It should also be given.

**ARGUMENT**

**I. MR. COSCIA'S INSTRUCTION ON THE FIRST ELEMENT OF THE ANTI-SPOOFING STATUTE SHOULD BE GIVEN.**

The Government challenges Mr. Coscia's proposed instruction on the first element of its spoofing charges as "confusing, repetitive, and unnecessary." Gov't Resp. 1-2. And the Government asserts that this Court should instead adopt its proposal—a single instruction on spoofing that does little more than state the statutory text and that does not so much as separate out each element of the offense. Reading a jury the text of a statute is neither

an appropriate nor a sufficient means of instructing it on what the Government must prove beyond a reasonable a doubt. As the Seventh Circuit Pattern Jury Instructions explain,

> [i]t was once common practice to quote the language of the pertinent statute in the instructions to the jury. *The Committee recommends against this practice* and has drafted no instruction on this point. The purpose of the "elements" instructions is to provide the jury with the requirements for proving the defendant's guilt, in direct language comprehensible to lay jurors. Quoting from the statute would, in most situations, undercut the pattern instructions' goal of simplicity and comprehensibility.

Committee Comment to Instruction 1.05 (Definition of Crime Charged), SEVENTH CIRCUIT PATTERN FEDERAL JURY INSTRUCTIONS—CRIMINAL at 11 (Thomson Reuters 2012) (emphasis added) [hereinafter PATTERN INSTRUCTIONS].

Mr. Coscia's proposed instruction on the first element of the Government's spoofing charges sets out in simple and plain terms what the Government must prove to meet its burden in this case. Mr. Coscia's proposed instruction is a "correct statement[] of the law that [is] supported by the evidence." *United States* v. *Perez*, 43 F.3d 1131, 1137 (7th Cir. 1994). And the instruction is necessary "to ensure that the case is submitted to the jury in a full and fair manner," *United States* v. *McKnight*, 665 F.3d 786, 792 (7th Cir. 2011); without it, the jury will have no guidance on how to distinguish common and permissible market activity from unlawful criminal conduct. The Court should therefore reject the Government's challenges to Mr. Coscia's proposed instruction on the first element of its spoofing charges.

### A. An Intent To Cancel Part Of An Order Before Execution Is Insufficient Under The Statute.

The Government challenges Mr. Coscia's request to instruct the jury that it is insufficient "for the Government to prove that Mr. Coscia intended to cancel before execution part, but not all, of a bid or offer." Def.'s Proposed Instrs. 16. The Government contends that Mr. Coscia's proposed instruction "constructively amend[s]" the anti-spoofing statute. Gov't Resp. 4. That is wrong. The statutory text makes plain that the statute does not proscribe

entering bids and offers with the intent to consummate a partial trade. When a market participant enters a bid or offer with the intent to execute part of it, he does not intend "to cancel the bid or offer before execution." 7 U.S.C. § 6c(a)(5)(C). Rather, he intends to execute the bid or offer for the number of contracts that he would like to buy or sell.

Switching tack, the Government asserts that "no . . . authority exists" for Mr. Coscia's proposed instruction. Gov't Resp. 4. That is no surprise, given that no one has *ever* previously been charged—civilly or criminally—with violating this statute. The absence of prior instruction on this issue is, of course, the result of the Government's decision to pursue a criminal case before any court has had the opportunity to construe this statute. But as noted in Mr. Coscia's proposed instruction, the CFTC—the expert agency tasked with implementing the anti-spoofing statute— has recognized that the statute does not prohibit entering orders with the intent to execute part of them. The CFTC has clearly distinguished between situations in which a market participant intends to execute part of a bid or offer and situations in which a market participant's "intent when placing a bid or offer was to cancel the *entire* bid or offer prior to execution and not attempt to consummate a legitimate trade." 78 Fed. Reg. 31,890, 31,896 (May 28, 2013) (emphasis added). And it has expressly removed the former from the ambit of its enforcement of the statute. *See id.* ("[A] legitimate, good-faith cancellation or modification of orders (*e.g*., partially filled orders or properly placed stop-loss orders) would not violate [the statute.]").

Contrary to the Government's contention, nothing in Mr. Coscia's proposed instruction contemplates instructing the jury that it would not violate the statute if he merely "thought that it was possible" that part of his order would be executed before he cancelled it. Gov't Resp. 4. Rather, the instruction distinguishes a permissible intent to execute part of an order from an impermissible intent to cancel all of it. As noted in Mr. Coscia's proposed instruction, entering bids and offers with the intent to consummate a partial trade is

run-of-the-mill trading activity that is specifically permitted by the exchanges on which Mr. Coscia traded. *See* Trial Tr. 331 (Jonathan Redman (ICE Futures Europe): "partial fill" of orders is "routine" and complete fills of larger orders are "quite unlikely"); CME Globex, Order Qualifiers, *available at* http:// www.cmegroup.com/confluence/display/ EPICSANDBOX/Order+Qualifiers (last visited Oct. 27, 2015) [hereinafter CME Globex Order Qualifiers] (permitting "Fill and Kill" orders, which "are immediately executed against resting orders" and "[i]f the order cannot be fully filled, the remaining balance is canceled"); *id.* (permitting "Minimum Quantity" orders, which "specify a minimum quantity which must be executed for the order" and "[i]f at least the minimum quantity cannot be filled, then the entire order is cancelled"). Mr. Coscia's proposed instruction is necessary to assist the jury in separating this sort of acceptable, everyday market conduct from illegal spoofing.

Finally, the Government's response fails to acknowledge that this Court has already recognized that entering an order with the intent to consummate a partial trade is different from entering an order with the intent to cancel it before execution. In ruling on Mr. Coscia's motion to dismiss, the Court explained that the statute's "intent to cancel" requirement distinguishes "partial-fill orders, which are entered with the intent to consummate a trade, not with the intent to cancel the order altogether," from prohibited conduct. *United States* v. *Coscia*, No. 14-cr-551, 2015 WL 1805955, at *4 (N.D. Ill. Apr. 16, 2015). Mr. Coscia's proposed instruction is an accurate statement of the law, and this Court should instruct the jury in conformance with it to avoid the jury mistaking a permissible intent to cancel before execution part of an order for an impermissible intent to cancel before execution all of an order.

### B. A Conditional Intent To Cancel Is Insufficient Under The Statute.

The Government next challenges Mr. Coscia's request that the Court instruct the jury that the Government's burden is not satisfied if it proves only that "he intended to cancel the bid or offer under some, but not all, circumstances or conditions." Def.'s Proposed

Instrs. 15. The Government contends that this instruction is "inapplicable to the facts of this case" because Mr. Coscia "admitted under oath that his orders were pre-programmed to cancel after a timer expired regardless of market conditions." Gov't Resp. 4. The Government misstates the evidence. The proposed instruction applies to the facts at issue in this case and is necessary to ensure that the jury applies the law in a constitutional manner.

First, Mr. Coscia does not concede, and has never conceded, that his orders were programmed to cancel regardless of market conditions. Mr. Coscia placed orders that were timed to expire after a certain period if they did not trade. We expect that the evidence adduced in the defense case will show that the passage of time and the absence of trading *are* market conditions indicating that there is no counterparty interest in trading at a particular price. Mr. Coscia contends that his orders were programmed to cancel only if certain conditions occurred—namely, if they rested in the market for a certain period of time without being executed or if they were executed in whole or in part. That Mr. Coscia "pre-programmed" his orders to cancel under those conditions simply reflects the nature of algorithmic trading; it does not remove this meaningful issue from this case.

Second, the distinction between entering orders with the intent to execute them under certain conditions and entering orders with the intent to cancel them under all conditions is essential to separating permissible trading activity from illegal spoofing. As noted in Mr. Coscia's proposed instruction, entering orders with the intent to cancel them under certain conditions is entirely legitimate market behavior. *See, e.g.*, CME Globex Order Qualifiers (permitting "Fill or Kill" orders, which "must be fully filled immediately or the entire order is canceled," and "Good Til Date" orders, which "remain active on the order book until they are completely executed, expire at the specified date [or time], are canceled, or when the instrument expires"). The only acceptable reading of the anti-spoofing statute is therefore one in which entering orders with the intent to cancel them under certain conditions is not a crime.

If such an intent were sufficient for the jury to find Mr. Coscia guilty of spoofing, then the anti-spoofing statute would clearly be void-for-vagueness because it would not "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender* v. *Lawson*, 461 U.S. 352, 357 (1983); *see also, e.g.*, *Grayned* v. *City of Rockford*, 408 U.S. 104, 108 (1972) ("It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined.").

Indeed, this Court expressly noted that the Indictment alleged that Mr. Coscia's intent was *not* conditional as part of its reasoning for upholding the constitutionality of the anti-spoofing statute. *Coscia*, 2015 WL 1805955, at *5 ("Coscia argues that his intent to cancel was 'concededly conditional,' and in this respect his 'trading was virtually identical to other durational or contingent orders routinely permitted by exchange trading interfaces.' However, this is not what the Indictment alleges. The Indictment charges that Coscia placed orders with the intent to cancel, *not with the intent to fill them under certain conditions*.") (emphasis added and internal citation omitted).

### C. The Statute Requires A Specific Intent To Cancel A Bid Or Offer Before It Is Executed.

The Government also challenges Mr. Coscia's request to instruct the jury that "[a] person acts with intent to produce a consequence if a person acts with the purpose or conscious desire of producing that consequence." Def.'s Proposed Instrs. 13. The Government contends that Mr. Coscia's proposed instruction should not be given because "instructions that distinguish between 'specific intent' and 'general intent'" are disfavored. Gov't Resp. 3 (quoting Committee Comment to Instruction 4.12 (Specific Intent/General Intent), PATTERN INSTRUCTIONS at 64). That is a flat misrepresentation of the request; nowhere does Mr. Coscia's proposed instruction distinguish specific from general intent.

What Mr. Coscia's proposed instruction does is set out the precise level of intent that the Government must prove for the jury to find Mr. Coscia guilty of spoofing. As this Court is aware, the evidence shows that the vast majority of Mr. Coscia's large orders were cancelled before execution. It is therefore crucially important to distinguish mere knowledge that a particular result is likely to occur from the "intent to effectuate a particular result." *United States* v. *Durham*, 645 F.3d 883, 892 n.1 (7th Cir. 2011) (citation omitted). The Government concedes that "'the trial judge should give instructions that define the precise mental state required by the particular offense charged.'" Gov't Resp. 3 (quoting Committee Comment to Instruction 4.12 (Specific Intent/General Intent), PATTERN INSTRUCTIONS at 64). This is exactly what Mr. Coscia's proposed instruction does, and the Court should reject the Government's challenge to it.

## II. MR. COSCIA'S GOOD FAITH INSTRUCTION SHOULD BE GIVEN.

"A defendant is entitled to have the jury instructed on his theory of the defense if the defense is supported by the law and the evidence." *United States* v. *Martin-Trigona*, 684 F.2d 485, 493 (7th Cir. 1982). Here, charged with counts of commodities fraud that require proof of his intent to defraud, Mr. Coscia is entitled to have the jury instructed separately and affirmatively on his theory of the defense—namely, that he lacked that requisite intent to defraud.

The Government contends that Mr. Coscia's proposed good faith instruction is "not appropriate" and "unnecessary." Gov't Resp. 5. The Seventh Circuit Pattern Jury Instructions say otherwise. The Seventh Circuit Committee unambiguously recommends a good faith instruction in cases in which the Government must prove an intent to defraud. As the Committee has explained:

> The Seventh Circuit has questioned whether a good faith instruction provides any useful information beyond that contained in the pattern instruction defining "knowledge." *See United States* v. *Prude*, 489 F.3d 873, 882 (7th Cir. 2007); *United States* v. *Mutuc*, 349 F.3d 930, 935-36 (7th Cir. 2003). For this reason, as a general rule, this instruction should not be used in cases in which the government is required only to prove that the defendant acted "knowingly." Rather, *it should be used in cases in which the government must prove some form of "specific intent," such as intent to defraud* or willfulness.

Committee Comment to Instruction 6.10 (Good Faith – Fraud/False Statements/ Misrepresentations), PATTERN INSTRUCTIONS at 119 (emphasis added).

The Government mistakenly cites *United States* v. *Clarke*, No. 14-cr-3515, 2015 WL 5209216, at *4 (7th Cir. Sept. 8, 2015), for the proposition that a good faith instruction is appropriate only in cases requiring proof of "willfulness." That is not what *Clarke* holds. Unlike the commodities fraud offense with which Mr. Coscia is charged, "intent to defraud" was not an element of the false claims offense at issue in *Clarke*. The Seventh Circuit merely agreed, after rejecting the defendant's argument that the Government was required to prove willfulness, that the defendant was therefore not entitled to a good faith instruction. *Id.* at *3-4; *see also* Committee Comment to Instruction 6.10 (Good Faith – Fraud/False Statements/Misrepresentations), PATTERN INSTRUCTIONS at 119 ("[A]s a general rule, [a good faith] instruction should not be used in cases in which the government is required only to prove that the defendant acted 'knowingly.'").

Where, as in this case, both "intent to defraud" and "knowingly" are elements of the crime charged, separate good faith instructions are routinely given. *See, e.g.*, *United States* v. *Blagojevich*, 794 F.3d 729, 739 (7th Cir. 2015) (wire fraud counts "have an intent requirement within the scope of [Instruction] 6.10"); Jury Instructions at 27, *United States* v. *DiCosola*, No. 12-cr-446 (N.D. Ill. Sept. 18, 2014) (Instruction No. 27 of this Court in bank and wire fraud case); Jury Instructions at 23, *United States* v. *Letourneau*, No. 11-cr-182 (N.D. Ill. Aug. 15, 2013) (Instruction No. 22 of this Court in bankruptcy fraud case).

While a good faith instruction is not always required when intent to defraud is an element of an offense, *see Prude*, 489 F.3d at 882 (committing issue to trial court's discretion), including such an instruction recognizes that the general instruction on intent to defraud does not affirmatively or clearly apprise the jury of a recognized defense for which there is a foundation in evidence. Here, where intent to defraud is *the* key issue for the jury to decide, a separate instruction on good faith should be given to convey to the jury, with the necessary clarity, Mr. Coscia's theory of the defense.

The Government argues further that Mr. Coscia's proposed good faith instruction is "confusing and an incorrect statement of the law." Gov't Resp. 6. That too is wrong. Mr. Coscia's proposed instruction is specifically tailored to the charges in the Indictment and his theory of the defense. The Government has charged Mr. Coscia with executing a "fraudulent trading strategy" that was "intended to, and did, mislead other traders." Indictment ¶¶ 5, 6, 7, 10. Mr. Coscia's proposed instruction articulates his theory of the defense in two parts. First, his trading strategy was not "fraudulent"—Mr. Coscia "honestly believed" that it was "valid," in the same way that a person accused of making a false statement may honestly believe that his statement was "valid." Def.'s Proposed Instrs. 11. And, second, his trading strategy was not misleading—it was "not intended to deceive other market participants." *Id.*

Finally, use of the word "valid" in Mr. Coscia's proposed instruction does not, as the Government suggests, advance ignorance of the law as a defense. Mr. Coscia has "never argued against '[t]he general rule that ignorance of the law . . . is no defense to criminal prosecution.'" Def.'s Mot. to Dismiss Reply 12 (quoting *Cheek* v. *United States*, 498 U.S. 192, 199 (1991)). The Government simply plucks a fragment of Mr. Coscia's proposed instruction out of its context. When read in full, this instruction directs the jury that Mr. Coscia acted in good faith if he "honestly believed that his trading strategy was valid and not intended to

-9-

deceive other market participants"—an accurate statement of the law. Def.'s Proposed Instrs. 11. Mr. Coscia's proposed good faith instruction is "supported by the law and the evidence," *Martin-Trigona*, 684 F.2d at 493, and this Court should instruct the jury in conformance with it.

## CONCLUSION

For the foregoing reasons, Mr. Coscia respectfully requests that the Court adopt his proposed instructions for its final charge to the jury.

Respectfully submitted,

/s/ Steven R. Peikin
Steven R. Peikin
Kenneth M. Raisler
Karen Patton Seymour
Kate L. Doniger
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Of Counsel*:

Julia A. Malkina


*Attorneys for Defendant Michael Coscia*

October 28, 2015

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2015, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

Renato Mariotti
Renato.mariotti@usdoj.gov

Sunil R. Harjani
Sunil.harjani@usdoj.gov

                                                              /s/ Steven R. Peikin
                                                                Steven R. Peikin