UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 14 CR. 551 |
| v. | Judge Harry D. Leinenweber |
| MICHAEL COSCIA, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PROPOSED
ADDITIONAL INSTRUCTION ON "SCHEME TO DEFRAUD"**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Defendant Michael Coscia*

October 28, 2015

In its opening statement and through its examination of witnesses, the Government has made clear that its theory of commodities fraud includes the contention that Defendant Michael Coscia committed fraud because his algorithmic trading programs induced other market participants to execute transactions with him. This "but for cause" theory of fraud is legally flawed because the law requires that allegedly deceptive conduct not merely induce someone to engage in a financial transaction, but rather that it mislead as to the quality, price, or subject matter of the transaction, or otherwise deceive another as to the nature of the bargain at issue.

To ensure that Mr. Coscia is not convicted on the Government's legally baseless theory, he respectfully requests that the following additional instruction be provided in connection with the Court's instructions on the element of "Scheme To Defraud":

> It is not sufficient for the Government to prove that Mr. Coscia intended that his large-volume orders would induce others to react to allegedly deceptive market information and enter into futures transactions with him. The Government must also prove that Mr. Coscia's allegedly deceptive market information was intended to mislead others as to the quality or price of the futures transactions at issue, or otherwise to the nature of the bargain at issue. Stated differently, to prove that Mr. Coscia engaged in a scheme to defraud, he must have acted with intent to deprive others with whom he traded of the benefit of the bargain they struck.

## ARGUMENT

**MR. COSCIA'S ADDITIONAL INSTRUCTION ON "SCHEME TO DEFRAUD" SHOULD BE GIVEN.**

The Court should instruct the jury that the Government must prove that Mr. Coscia's allegedly deceptive market information was intended to mislead others as to the quality or price of the futures transactions at issue, or otherwise to the nature of the bargain at issue. The proposed additional instruction is necessary to assist the jury in understanding the applicable law for at least two reasons.

*First*, courts interpreting materially identical statutory language have found fraudulent intent only where the defendant engaged in deceptive conduct pertaining to the nature of a bargain with a counterparty.

As set forth in the parties' letters dated October 13 and 14, 2015, the commodities fraud statute is not addressed in the Seventh Circuit's Pattern Criminal Jury Instructions. But, as this Court has already recognized, the mail and wire fraud statutes "parallel the language of [18 U.S.C.] § 1348." *United States* v. *Coscia*, No. 14 CR 551, 2015 WL 1805955, at *5 (N.D. Ill. Apr. 16, 2015); *see also, e.g.*, *United States* v. *Doherty*, 969 F.2d 425, 429 (7th Cir. 1992) ("'scheme to defraud' means the same thing under §§ 1341, 1343 and 1344").

In light of these parallel constructions, the Second Circuit's interpretation of 18 U.S.C. § 1341 in *United States* v. *Regent Office Supply Co.*, 421 F.2d 1174 (2d Cir. 1970), is persuasive authority supporting the amendment set forth in the Appendix to this memorandum. In *Regent*, the government put forward the theory that a defendant could engage in a "scheme to defraud" within the meaning of § 1341 in the context of a commercial transaction "even when the customer g[ot] exactly what he expected and at the price he expected to pay." *Id.* at 1181. The Second Circuit rejected that contention, reasoning that even where a party to a transaction intends to mislead a counterparty, that state of mind does not amount to an intent to defraud under § 1341 if "the deceit d[oes] not go *to the nature of the bargain itself*." *Id*. at 1182 (emphasis added); *cf. United States* v. *Litvak*, 30 F. Supp. 3d 143, 149 (D. Conn. 2014) (denying a motion for acquittal of securities fraud charges, concluding that the "trial evidence sufficiently supported a finding of materiality" because "[f]irst and foremost, Litvak's victims testified that his lies mattered to them because his lies affected the price they paid for the underlying securities").

When the Seventh Circuit has considered charges under §§ 1341 and 1343 arising in other factual contexts, its decisions have similarly contemplated that a defendant harbors fraudulent intent where his deceptive conduct alters the nature of the bargain received by his counterparty. *See*, *e.g.*, *United States* v. *Powell*, 576 F.3d 482, 487-89, 491 (7th Cir. 2009) (affirming conviction under § 1341 where defendant tricked non-profit organization into "lending" defendant its § 501(c)(3) status in exchange for $50,000; although defendant paid the $50,000, he failed to inform the non-profit that the "loan" of its tax-exempt status would also involve incurring a substantial tax liability and transferring title to property); *United States* v. *Leahy*, 464 F.3d 773, 793-94 (7th Cir. 2006) (affirming convictions under §§ 1341 and 1343 where the defendant failed to "provide the consideration for which [the victim] bargained"); *see also United States* v. *Sloan*, 505 F.3d 685, 690 (7th Cir. 2007) (affirming conviction under § 1341 where defendants defrauded HUD by "fraudulently inflat[ing the] value of" real estate through "false appraisal[s]," forcing properties into foreclosure proceedings that resulted in "HUD incurring a substantial financial loss").

Accordingly, it is not sufficient to charge the jury that the Government must prove only that Mr. Coscia intended to induce others to enter into transactions with him, or even that he intended to deceive others into doing so. Rather, the jury should be instructed that Mr. Coscia possessed the requisite fraudulent intent only if he intended to mislead others as to the nature of the bargains they struck.

*Second*, an instruction requiring the jury to find that Mr. Coscia intended to mislead others as to the nature of the futures transactions at issue is necessary to hold the Government to its burden of proving the materiality of Mr. Coscia's supposedly deceptive acts. *See Neder* v. *United States*, 527 U.S. 1, 25 (1999) (holding that "materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes"); 73 Am. Jur. 2d STOCK & COMMODITY EXCHANGES § 5 ("The establishment of liability for fraud under the

[Commodity Exchange] Act and implementing regulations requires proof of . . . materiality."). Unless the allegedly deceptive information disseminated to the market by Mr. Coscia affected the price or quality of the futures transactions involved, or some other aspect of the nature of those transactions, that information by definition cannot be material. *Cf. Feinman* v. *Dean Witter Reynolds, Inc.*, 84 F.3d 539, 540 (2d Cir. 1996) (misrepresentations that disguised brokerage fees as costs were immaterial as a matter of law because the customers knew of and agreed to the final price of the securities they purchased); *Appert* v. *Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 613 (7th Cir. 2012) (mischaracterization of fees as "handling, postage, and insurance" fees was immaterial as a matter of law where defendant allegedly misled clients as to purpose of fees but not their amount).

This Court has "broad discretion in framing jury instructions which will be most helpful to juries in specific cases." *United States* v. *Anderson*, 739 F.2d 1254, 1258 n.6 (7th Cir. 1984). Moreover, "a tendered instruction which is essential to the jury's understanding of the case and not adequately covered by other instructions should not be omitted." *Kovacich* v. *Benjamin*, 951 F.2d 114, 116 (7th Cir. 1991). Accordingly, given the particular context of this case—namely that of high-frequency algorithmic trading, where the cancellation of the vast majority of orders is routine—the jury will lack sufficient guidance if it is instructed that the Government must prove merely that Mr. Coscia intended his large-volume orders to induce others to react and enter into transactions with him. Rather, the Court should instruct the jury that the Government must prove that Mr. Coscia's allegedly deceptive market information was intended to mislead others as to the quality or price of the futures transactions at issue, or otherwise to the nature of the bargain at issue.

A revised instruction on "Scheme To Defraud" that incorporates the proposed additional language (marked with underlining) is attached as an Appendix.

        Respectfully submitted,

        /s/ Steven R. Peikin
        Steven R. Peikin
        Kenneth M. Raisler
        Karen Patton Seymour
        Kate L. Doniger
        SULLIVAN & CROMWELL LLP
        125 Broad Street
        New York, New York 10004
        (212) 558-4000

        *Attorneys for Defendant Michael Coscia*

October 28, 2015

# APPENDIX

## Commodities Fraud: Scheme to Defraud

The first element the Government must prove beyond a reasonable doubt is the existence of a scheme to defraud, as charged in the Indictment.

A scheme is a plan or course of action formed with the intent to accomplish some purpose.[1]

A scheme to defraud means a plan or course of action intended to deceive or cheat another.[2] A scheme to defraud need not involve any false statement or misrepresentation of fact.[3] It can include a broad range of conduct,[4] but the scheme must be intended to deceive with respect to a material fact or matter.[5] A fact or matter is material if it is capable of influencing the decision of the person[s] who learn[s] of it.[6]

Here, the scheme that is charged in the Indictment is a high frequency trading strategy which involved the entry of large-volume orders that Mr. Coscia intended to cancel immediately before they could be filled by other traders. It is alleged that Mr. Coscia devised this strategy to create a false impression regarding the number of contracts available in the

---

[1] Instruction on 18 U.S.C. § 1344 (Scheme – Definition), PATTERN INSTRUCTIONS at 513.

[2] *See id* (modified by substituting "another" for "bank" or "financial institution").

[3] *Id.* The Seventh Circuit Committee explained, for example, that this Instruction "should be given in a case in which a scheme to defraud a bank is charged." Committee Comment to Instruction on 18 U.S.C. § 1344 (Scheme – Definition), PATTERN INSTRUCTIONS at 513. *See also United States* v. *Doherty*, 969 F.2d 425, 429 (7th Cir. 1992) ("[O]ne need not make a false representation to execute a scheme to defraud.").

[4] *Doherty*, 969 F.2d at 429 ("[T]he term 'scheme to defraud' describes a broad range of conduct . . . .").

[5] *See Neder* v. *United States*, 527 U.S. 1, 22 (1999) (holding that materiality is an essential element of mail/wire fraud); Committee Comment to Instruction on 18 U.S.C. § 1344 (Financial Institution Fraud – Elements), PATTERN INSTRUCTIONS at 512 ("Following *Neder*, the Seventh Circuit has made clear that 'district courts should include materiality in the jury instructions for section 1344.'") (quoting *United States* v. *Reynolds*, 189 F.3d 521, 525 n.2 (7th Cir. 1999)); *see also United States* v. *Fernandez*, 282 F.3d 500, 509 (7th Cir. 2002).

[6] *See* Instruction on 18 U.S.C. §§ 1341 & 1343 (Definition of Material), PATTERN INSTRUCTIONS at 498 (modified to recognize that a scheme to defraud under 18 U.S.C. § 1348(1) need not involve any false or fraudulent pretense, representation, or promise).

market, and to fraudulently induce other market participants to react to the deceptive market information that he created. It is further alleged that Mr. Coscia's strategy moved the market in a direction favorable to him, enabling him to purchase contracts at prices lower than, or sell contracts at prices higher than, the prices available in the market before he entered and canceled his large-volume orders.[7]

<u>It is not sufficient for the Government to prove that Mr. Coscia intended that his large-volume orders would induce others to react to allegedly deceptive market information and enter into futures transactions with him. The Government must also prove that Mr. Coscia's allegedly deceptive market information was intended to mislead others as to the quality or price of the futures transactions at issue, or otherwise to the nature of the bargain at issue. Stated differently, to prove that Mr. Coscia engaged in a scheme to defraud, he must have acted with intent to deprive others with whom he traded of the benefit of the bargain they struck.</u>

If you find from your consideration of all the evidence that the Government has proved beyond a reasonable doubt that such a scheme existed, and was, in fact, a scheme to defraud, then this element has been satisfied. If, on the other hand, you find that the Government has failed to prove beyond a reasonable doubt that such a scheme existed, or that the scheme was not, in fact, a scheme to defraud, then this element has not been satisfied.

---

[7] Indictment ¶ 3.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2015, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

Renato Mariotti
Renato.mariotti@usdoj.gov

Sunil R. Harjani
Sunil.harjani@usdoj.gov

                                                /s/ Steven R. Peikin
                                                  Steven R. Peikin