UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | No. 14 CR 551 |
|---|---|
| vs. | Judge Harry D. Leinenweber |
| MICHAEL COSCIA | |

**GOVERNMENT'S RESPONSE TO DRAFT JURY INSTRUCTIONS**

The UNITED STATES OF AMERICA, by and through its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, hereby submits the following response to two of the draft jury instructions provided by the Court.

**I. THE PORTION OF THE DRAFT SPOOFING INSTRUCTION RELATING TO PARTIAL FILLS SHOULD NOT BE GIVEN.**

The draft instruction contains language from defendant's proposed instruction defining "spoofing," which requires the government to prove that defendant "did not place the bid or offer as part of a legitimate good-faith attempt to execute at least part of that bid or offer." The instruction also requires the government to prove that defendant intended to cancel the "*entire* bid or offer before it was executed." (emphasis added). This language was also taken from defendant's proposed instruction, and should not be given by this Court because it is inconsistent with the plain text of the statute and is not supported by the authority cited and quoted by defendant.

In support of defendant's instructions, he provided the Court with citations to—and quotations from—interpretive guidance by the Commodity Futures Trading

1

Commission. Specifically, defendant claimed that the CFTC's interpretive guidance recognizes that the anti-spoofing statute allows for the entering of orders as long as there is an intent to execute part of the orders. That is incorrect. In fact, the interpretive guidance expressly declined to exclude such conduct from the reach of the anti-spoofing statute, though defendant chose not to bring that to the Court's attention.

The CFTC interpretive guidance cited and quoted by defendant is contained at 78 Federal Register 31890 (May 28, 2013). A copy is attached to this filing as Exhibit A. In the interpretive order, the CFTC clearly indicated that it did not create a safe harbor from the anti-spoofing statute for partially filled orders. 78 Federal Register 31890, at 31891 and 31896. As noted below, defendant's citations to the CFTC's interpretive guidance were incomplete and misleading.

Defendant first cited the interpretive guidance in the following sentence from his reply to the government's response to his jury instructions: "The CFTC has clearly distinguished between situations in which a market participant intends to execute part of a bid or offer and situations in which a market participant's 'intent when placing a bid or offer was to cancel the entire bid or offer prior to execution and not to attempt to consummate a legitimate trade." (Reply at 3.) The portion of the above sentence that defendant attributes to the CFTC's interpretive guidance is underlined.

A closer reading of the interpretive guidance, however, shows that the cited portion above does not deal with the issue of partial fills. The entirety of the sentence reads as follows:

> For example, if a person's intent when placing a bid or offer was to cancel the entire bid or offer prior to execution and not attempt to consummate a legitimate trade, regardless of whether such bid or offer was subsequently partially filled, that conduct may violate CEA section 4c(a)(5)(C).

78 Federal Register at 31896. Defendant's reply took one clause of one sentence completely out of context. What the sentence establishes is the CFTC's view that a partial fill will not save a defendant *who entered an order he intended to cancel in its entirety*. It does not say that partial filling of an order exempts a trading pattern from being classified as spoofing. In fact, it suggests the opposite—that if an individual intends to cancel an order, the fact of a partial fill will not save him.

Defendant's second citation to the interpretive guidance in support of his position is even more misleading because it omits a sentence that is directly on point to the issue being raised here. Defendant cites the interpretive guidance in his reply brief as follows: "[A] legitimate, good-faith cancellation or modification of orders (e.g., partially filled orders or properly placed stop-loss orders) would not violate [the statute.]" (Reply at 3.) Unfortunately, defendant does not include the very next sentence, which is directly relevant and negates defendant's argument. For clarity purposes, the government quotes both sentences below in their entirety:

> Thus, the Commission interprets the statute to mean that a legitimate, good-faith cancellation or modification of orders (e.g., partially filled orders or properly place stop-loss orders) would not violate section CEA 4c(a)(5)(C). *However, the Commission does not interpret a partial fill as*

3

> *automatically exempt from being classified as "spoofing" and violating CEA section 4c(a)(5)(C).*

78 Fed. Reg. 31,890, at 31896 (emphasis added).

In the very next paragraph, the interpretive guidance sets forth what the CFTC considers in deciding legitimate trading activity from spoofing. That section notes that the Commission "intends to evaluate market context, the person's pattern of trading activity (including fill characteristics), and other relevant facts and circumstances."

Thus, as should be clear, the CFTC's position is that an intent to partially fill an order does not exempt that conduct from violating the anti-spoofing provision. Instead, the CFTC's interpretive guidance indicates that the entirety of defendant's trading activity needs to be examined, and expressly contemplates situations in which someone could engage in spoofing by entering orders that were not intended to be filled in their entirety. The CFTC's interpretive guidance sensibly notes that the inquiry as to an individual's intent is fact specific to each particular case. The CFTC did not create a safe-harbor for partial fills because such conduct can constitute spoofing, as the facts in this case show.

As defendant has repeatedly noted, this is the first criminal case charging spoofing, and thus the first case in which criminal jury instructions will be given for this provision. The jury instruction in this case could be used as persuasive authority by other courts in the future. It is important not to read safe harbors into the statute that do not exist. Accordingly, the portions of the draft instruction

4

defining spoofing regarding canceling the "entire" offer and creating a safe harbor for an intent to obtain a partial fill should not be given.

## II. THIS COURT SHOULD GIVE THE PATTERN INSTRUCTION DEFINING A SCHEME TO DEFRAUD.

The draft jury instruction defining a scheme to defraud includes language that is not contained in the Seventh Circuit's pattern instruction concerning materiality, which was based upon language from defendant's proposed instruction. The government submits that the Court should adhere to the Seventh Circuit's pattern jury instruction on materiality because it is an accurate statement of the law. The pattern instruction states that a matter is material "if it is capable of influencing the decision" to whom it was addressed. *See* Seventh Circuit Pattern Jury Instruction (2012) at p. 498.

However, the draft materiality instruction contained within the draft jury instruction defining a scheme to defraud is: "In the context of the present case, a fact or matter is material if it *affected* the price or quality of the futures transactions involved, or some other aspect of those transactions." (emphasis added)

This instruction is not a correct statement of the law because it requires a finding that the fact or matter "affected" something. However, the law in the Seventh Circuit, as stated in the Seventh Circuit's pattern jury instructions, only requires that a fact or matter be "capable of influencing the decision." Under current law, it need not actually affect the decision. Case law has also defined "materiality" as something that has a natural tendency to influence or is capable of influencing the decision of the person to whom it is addressed. *Neder v. United*

5

*States*, 527 U.S. 1, 16 (1999); *United States v. Seidling*, 737 F.3d 1155, 1160 (7th Cir. 2013).

To the extent the Court wishes to tie materiality further to this case, the instruction should read:

"In the context of this case, a fact of matter is material if it is capable of influencing the trading decision of participants in the futures markets."

This is an accurate statement of the law and also provides further guidance to the jury on materiality in the context of this case.

Defendant wishes to modify the accepted and accurate instruction of "materiality" to conform to his own theory of defense. Defendant's proposed language improperly narrows the meaning of the term "materiality" in such a way as to suggest to the jury that it can only find materiality if certain conditions specified by defendant are present. Specifically, he wants to limit the circumstances under which the jury can find the scheme was "material" to those where defendant misled others as to the "quality or price of the futures transactions at issue." His proposed language is vague and improperly limits the jury's discretion in deciding whether his conduct was part of a fraudulent scheme. For instance, there is no real meaning to what is the "quality" of a futures transaction. In the current proposal, there is no further explanation about what it means to affect "some other aspect of the nature of those transactions." Rather than serving to instruct the jury as to what is material for purposes of a scheme, it will needlessly confuse them. See e.g., *United States v. Skilling*, 554 F.3d 529, 554-555

(5th Cir. 2009), *aff'd in part, vacated in part, remanded on other grounds*, 561 U.S. 358 (2010) (rejecting more specific materiality instruction on kinds of statements that were immaterial).

In the present case, the government's proposed instruction—based on the pattern instruction—accurately states the law on materiality and allows the jury to exercise discretion in determining whether defendant's conduct had a tendency to or was capable of influencing others in the futures markets. In explaining to the jury that it should determine whether defendant's scheme was capable of influencing others in the market, it makes defendant's proposed addition unnecessary and redundant. *See United States v. Collins*, 685 F.3d 651, 655-56 (7th Cir. 2012)(district court properly denied defendant's proposed supplemental instruction in tax evasion case wherein he proposed to specifically exclude from the definition of "willfulness" negligence, inadvertence, justifiable excuse, mistake, or misunderstanding of the law; the instructions given on "willfulness" already excluded them, rendering them redundant and unnecessary); *United States v. Knope*, 655 F.3d 647, 661 (7th Cir. 2011)(district court properly declined to issue a separate good faith instruction because that defense was included in the definition of the term "knowingly"). *See also*, *United States v. Hansen*, 701 F.2d 1215, 1218 (7th Cir. 1983)("[I]t is unnecessary to give a proposed instruction where the essential points are covered in another instruction").

Defendant's reliance on cases such as *United States v. Regent Office Supply Co.*, 421 F.2d 1174 (2nd Cir. 1970), are misplaced. In *Regent*, defendants' alleged

7

fraudulent statements consisted of innocuous and frankly irrelevant claims of why the defendants were soliciting others as potential customers for the sale of stationary supplies. Once the potential customers agreed to purchase defendants' goods, they received the quality of supplies they requested at the prices they requested. The Second Circuit concluded that the statements defendants made to potential customers as to what prompted defendants to solicit their business were irrelevant. Essentially, the appellate court concluded that defendants' statements were not material. Here, on the other hand, it is defendant's trading conduct that is at issue, and whether his trading was capable of influencing others in the markets—whether they were material and part of a fraudulent scheme—is precisely the issue left for the jury to determine.

Defendant in this case is entitled to argue to the jury that his conduct was not material and thus was not part of a fraudulent scheme. Placing limits on the jury's ability to determine whether defendant's conduct was material improperly limits the jury's prerogative to determine the facts in light of the law, and such an approach should not be followed.

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court modify the draft jury instructions as set forth above.

Dated: October 29, 2015

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: */s/ Renato Mariotti*
RENATO MARIOTTI
SUNIL R. HARJANI
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 886-7855